[Civ. No. 4592.   Second Appellate District, Division Two.—May 31, 1927.]

## DAVID LINTON, Appellant, v. MILLER & LUX, INC. (a Corporation), Respondent.

[1] WATERS AND WATER RIGHTS—EASEMENTS—CONTRACT FOR WATER FOR IRRIGATION — CANALS — MAINTENANCE OF WEIR. — A contract granting an easement to procure water through a canal and ditches on the servient tenement which provided that the grantee should pay one-fifth of the cost of constructing and maintaining such gates, weirs, or other improvements and appurtenances as may be necessary for maintaining and using the canal, does not impose the duty on the grantor's successor to repair or replace a weir, the only purpose of which was to divert water to the dominant estate.

[2] ID.—OBLIGATION TO REPAIR OR MAINTAIN CANAL.—There is no obligation placed by law upon the owner of a servient estate to repair or maintain a right of way or canal for the benefit of the dominant estate.

[3] ID.—REFUSAL OF OWNER TO MAINTAIN WEIR—DAMAGES—PLEADING. In this action for damages alleged to have been sustained through the failure of defendant to maintain a weir in an irrigation canal system, since it nowhere appeared that defendant was required to do more than refrain from a voluntary interference with the grantee's right to acquire his share of the water for irrigation, and the weir was requisite only to the diversion of plaintiff's share of the water, he was not entitled to damages from defendant because of its refusal to maintain the weir, and the complaint failed to state a cause of action.

(1) 40 **Cyc.**, p. 745, n. 47.

APPEAL from a judgment of the Superior Court of Kern County.   J. W. Mahon, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Walter Osborn and Kaye & Siemon for Appellant.

2.   Duty as to repair and protection of easement as resting on owner of dominant or servient estate, notes, 14 **Ann. Cas.** 1138; 15 **L. R. A. (N. S.)** 992.   See, also, 9 **Cal. Jur.** 954; 26 **Cal. Jur.** 168; 9 **R. C. L.** 794.

T. P. Wittschen, Kenneth C. Gillis and Joseph C. Sharp for Respondent.

CRAIG, Acting P. J.—The plaintiff and appellant instituted this action against the defendant and respondent for damages alleged to have been sustained through the refusal and failure of the respondent to maintain a weir in its irrigation canal system, in Kern County, which the appellant contends it was obligated to maintain and keep in good condition and repair.

It appears that on or about March 5, 1895, one Henry Miller entered into an agreement with one Horatio Stebbins, wherein it was recited that both of the parties were interested in the canal and works of the Kern Valley Water Company, from which water might be acquired for irrigation purposes; that whereas Miller had constructed a canal running from the main canal of the water company, through the lands of Miller & Lux to the easterly boundary of lands owned by Stebbins, and from which the latter could by the construction of canals and ditches thereinafter described irrigate his property, he, being desirous of securing the use of the canal running from the main canal, paid to Miller fifteen hundred dollars for a license and privilege of such use for the purpose of conveying such waters as he might be entitled to receive from canals and reservoirs provided for in a contract between Miller and one Haggin. Stebbins was further granted the license and privilege of constructing ditches twenty feet wide through the lands of Miller & Lux; and it was further agreed that the proposed ditches when completed might be used by Stebbins for the purpose of taking such waters as he might be entitled to receive at points where said ditches should tap the Miller tributary of the water company's main canal; that Stebbins should construct such twenty-foot ditches and gates as might be necessary, at his own expense, and bear one-fifth of the expense of maintaining the Miller canal, and one-fifth of the cost of constructing and maintaining such gates, weirs, and other improvements and appurtenances as should be necessary for the maintenance and use of said Miller canal.

*Appellant* alleged in his complaint the principal recitals of the contract as heretofore stated, and attached a copy of

the same thereto as exhibit "A." It was further alleged
that the plaintiff had by mesne conveyances acquired an
interest in the lands formerly owned by Stebbins, and that
the defendant had succeeded to the interests and obligations
of Miller in said contract and in the lands and canals therein
described; that under and by virtue of the terms and cove-
nants of the original contract and "grant" Miller contracted
to maintain and keep in good condition and repair the canal
tapping the water company's main canal, and all gates,
weirs, or other improvements or appurtenances; that after
the execution of said contract there was constructed a weir in
the Miller canal for the purpose of diverting water for irri-
gation, but that neither Miller nor the defendant had kept
it in good condition or repair; and that for a period of two
and one-half years next preceding the commencement of the
action it had been allowed to rot, and that it was washed
away; that the plaintiff had demanded that the defendant
reconstruct said weir, but that it had failed and refused to do
so, and that the plaintiff was compelled to and did build a
dam in the canal at a cost to him of three hundred dollars;
that such dam was unsatisfactory, and was finally destroyed;
that because of the plaintiff's inability to obtain sufficient
water for irrigation, he had been damaged in the sum of
two thousand five hundred dollars. In a second count it was
recited that one James Anderson had under the same cir-
cumstances been damaged in a like amount, and had as-
signed his cause of action to the plaintiff, wherefore judg-
ment was prayed for five thousand six hundred dollars.

The defendant demurred generally and specially to the
complaint and the demurrer was sustained without leave to
amend, and judgment entered thereon, from which the
plaintiff appeals.

[1] It is apparent that the copy of the contract attached
to the complaint does not support the allegations that Miller
agreed to maintain and keep the weir in good condition and
repair for the purpose of irrigating the plaintiff's lands.
The only provision of the contract bearing upon that matter
is to the effect that the plaintiff's predecessor in interest
"will pay one-fifth (1/5) of the cost of constructing and
maintaining such gates, weirs or other improvements and
appurtenances as may be hereafter necessary for maintain-
ing and using said canal"—referring to the Miller canal.

However,, the weir which is alleged to have rotted and been washed away was not "necessary for maintaining and using" the Miller canal. Its only purpose was to divert water to the twenty-foot ditch constructed by Stebbins, the plaintiff's predecessor in interest. **[2]** We are satisfied that no stipulation of the contract places upon the defendant the burden of repairing or replacing this particular weir; on the other hand, there is no obligation placed by law upon the owner of a servient estate to repair or maintain a right of way or canal for the benefit of the dominant estate.

In *Bean* v. *Stoneman,* 104 Cal. 49, 55 [37 Pac. 777, 779, 38 Pac. 39], the claimant of an easement consisting of a watercourse brought suit against his grantor for an alleged failure of the latter to furnish sufficient irrigation water, due to defective ditches. It was held that, while the owner of the servient estate can do no voluntary act to destroy or impair the easement, yet the fact that the grantor had used the ditch "could not of itself impose upon him the obligation to always continue its use, and the grant contained no express covenant that he would do so, or that he would keep the ditch in repair." And the rule in such cases was announced in the following language: "The grantee, or owner of the easement, is bound to keep it in repair, and this applies as well to water ditches as to private ways. (*Quinlan* v. *Noble,* 75 Cal. 250 [17 Pac. 69]; *Durfee* v. *Garvey,* 78 Cal. 546 [21 Pac. 302].) In *Prescott* v. *Williams,* 5 Met. (Mass.) 429 [39 Am. Dec. 688], a case cited in *Durfee* v. *Garvey,* 78 Cal. 546 [21 Pac. 302], it was said: 'The duty of making repairs, and the labor necessary for keeping the watercourse in a state fit for use, rests wholly upon him who claims an estate on his neighbor's land; and, as a general rule, easements impose no obligation upon those whose lands are thus placed in servitude to do anything.' (See, also, Goddard on Easements, 285, 443.)"

· **[3]** It follows that since it nowhere appears that the defendant was required to do more than refrain from a voluntary interference with the grantee's right to acquire his share of the water for irrigation, and the weir in question was requisite only to the diversion of appellant's share of the water, he was not entitled to damages from respondent

because of its refusal to maintain it, and the complaint, therefore, failed to state a cause of action.

The judgment is affirmed.

Thompson, J., and Johnson, J., *pro tem.*, concurred.