**GARDINER MANUFACTURING CO.,**
**Plaintiff-Appellant,**

**v.**

**UNITED STATES of America,**
**Defendant-Appellee.**

**No. 26657.**

United States Court of Appeals,
Ninth Circuit.

May 22, 1973.

Rehearing Denied June 29, 1973.

Richard Harrington (argued), Athearn, Chandler & Hoffman, San Francisco, Cal., for plaintiff-appellant.

Walter H. Fleischer (argued), L. Patrick Gray, III, Asst. Atty. Gen., Dept. of Justice, Washington, D. C., James L. Browning, Jr., U. S. Atty., San Francisco, Cal., Daniel Joseph, Robert V. Zener, Morton Hollander, Dept. of Justice, Washington, D. C., for defendant-appellee.

Before HAMLIN, DUNIWAY and GOODWIN, Circuit Judges.

## OPINION

DUNIWAY, Circuit Judge.

On January 7, 1965, Gardiner Manufacturing Company delivered 18 steel tackle blocks to the United States pursuant to Gardiner's subcontract with Orbit Industries, Inc. Orbit, the prime contractor, paid for the blocks with a check which was dishonored on January 18. Orbit subsequently went bankrupt, and Gardiner instituted this action against the United States to recover the value of the blocks. The district court held for the United States, and Gardiner appeals. We affirm.

First, Gardiner argues that it is entitled to recover the cost of the blocks under the Tucker Act, 28 U.S.C. § 1346(a)(2). We do not agree. A subcontractor derives no rights from the contract between the prime contractor and the United States. Nickel v. Pollia, 10 Cir., 1950, 179 F.2d 160, 163–164. Beaconwear Clothing Co. v. United States, 1966, 355 F.2d 583, 590, 174 Ct.Cl. 40. See also Bank of Arizona v. National Surety Corp., 9 Cir., 1956, 237 F.2d 90, 93. Thus, in order for Gardiner to state a claim under the Tucker Act, it must show the existence of an actual contract between it and the United States. Merritt v. United States, 1925, 267 U.S. 338, 340–341, 45 S.Ct. 278, 69 L.Ed. 643. See generally Baltimore & Ohio R. R. Co. v. United States, 1923, 261 U.S. 592, 597–598, 43 S.Ct. 425, 67 L.Ed. 816; 1A Corbin, Contracts §§ 18, 19 (1963). No such contract has been alleged.

Gardiner's second argument is that it is entitled to recover under the Federal Tort Claims Act, 28 U.S.C. § 1346(b) because Orbit acquired only voidable title to the blocks, and "[t]itle, like a stream, cannot rise higher than its source." [1]

---

1. The quotation is from Barthlemess v. Cavalier, 1934, 2 Cal.App.2d 477, 38 P.2d 484 (per Yankwich, J.). However, sales law has changed considerably in the past 40 years.

It concludes that the United States converted the blocks when it failed to return them after learning that Orbit's check had been dishonored.

However, even if we were to assume that conversion is a tort which is cognizable under the Tort Claims Act,[2] Gardiner's argument fails. The Uniform Commercial Code, to which federal courts look in developing federal "sales" law, United States v. Wegematic Corp., 2 Cir., 1966, 360 F.2d 674, 676, provides in relevant part:

> "Sec. 2–403. *Power to Transfer; Good Faith Purchase of Goods; 'Entrusting'.*
>
> (1) . . . A person with voidable title has power to transfer a good title to a good faith purchaser for value. When goods have been delivered under a transaction of purchase the purchaser has such power even though
>
> . . . . . .
>
> (b) the delivery was in exchange for a check which is later dishonored, . . .
>
> Sec. 1–201. *General Definitions.*
>
> (44) 'Value'. . . . a person gives 'value' for rights if he acquires them
>
> . . . . . .
>
> (c) by accepting delivery pursuant to a preexisting contract for purchase; . . ."

Under these provisions, the United States gave value for the blocks when it accepted delivery on January 7, pursuant to its contract with Orbit. Its good faith at that time cannot be questioned, since it had no notice that Orbit's check to Gardiner would be dishonored. Thus, the United States acquired good

title to the blocks, and did not convert them. *See* Restatement 2d of Torts § 229 comment *d* (1965).

Affirmed.

---

2. Relying upon the fact that conversion is essentially a strict liability tort in California, Poggi v. Scott, 1914, 167 Cal. 372, 375, 139 P. 815, and that the Tort Claims Act permits the United States to be held liable only for negligent or wrongful acts of its agents, Dalehite v. United States, 1953, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427, the district court concluded that Congress did not consent to suits for conversion. The Third Circuit, although not confronting the question directly, has held that conversion actions are permitted under the Act. *See* Aleutco Corp. v. United States, 3 Cir., 1957, 244 F.2d 674, 678–679. However, since we conclude that Gardiner has no claim for conversion, we decline to decide this issue.