Eugene C. WALSH and Lois M. Walsh,
Plaintiffs-Appellants,

v.

UNITED STATES of America,
Defendant-Appellee.

No. 80–3290.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 5, 1981.

Decided March 24, 1982.

Edmund Sedivy, Morrow, Sedivy, Olson, Scully & Eck, Bozeman, Mont., for plaintiffs-appellants.

Allen R. McKenzie, Asst. U. S. Atty., Butte, Mont., argued for defendant-appellee; Rick Anderson, Asst. U. S. Atty., Butte, Mont., on brief.

Before BROWNING, Chief Judge, WRIGHT, Circuit Judge, and THOMPSON,* Senior District Judge.

BRUCE R. THOMPSON, Senior District Judge:

Eugene C. Walsh and Lois M. Walsh, plaintiffs, commenced this action in the district court against the United States of America and Cyprus Mines Corporation. Federal jurisdiction was predicated solely upon the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b). No independent basis for federal jurisdiction against defendant Cyprus Mines Corporation was alleged, plaintiffs presumably relying upon the doctrine of pendent jurisdiction.

The complaint alleged that on August 2, 1960, plaintiffs sold and conveyed to defendants a highway easement across lands owned by plaintiffs and used by them for the pasturage of cattle. The easement deed granted to the United States of America and its assigns "an easement and right of way for highway purposes for a highway to be located, constructed, operated and maintained under the authority of the Secretary of Agriculture of the United States." The complaint further alleged that in the fall and winter of 1977–78, the United States of America granted or assigned the right to maintain the roadway to defendant Cyprus Mines Corporation. Cattle guards had been constructed on said easement to contain plaintiffs' cattle. Plaintiffs assert that the defendants negligently permitted the cattle guards to become damaged and filled with dirt, snow and debris and rendered useless for livestock control. Damages to plaintiffs' livestock operation were alleged and separate claims were stated for the years 1971–78 and 1978–79 aggregating in excess of $10,000.

The United States moved to dismiss upon the ground that plaintiffs' complaint rested upon contract and that exclusive jurisdiction was in the Court of Claims.[1] The district court dismissed the complaint as against the United States "because the court lacks jurisdiction." Plaintiffs appealed. Subsequently, the case against defendant Cyprus Mines Corp. has been dismissed with prejudice as fully settled. It appears that the jurisdictional defect found by the court could not be cured by any amendment to the complaint, and thus the order may be treated as final. *Blevins v. Ford*, 572 F.2d 1336, 1338 (9th Cir. 1978). Inasmuch as the action against Cyprus has also since been dismissed, the judgment appealed from may be treated as a dismissal of the entire action, the court having disposed of all claims against all parties. *Anderson v. Allstate Ins. Co.*, 630 F.2d 677, 680–81 (9th Cir. 1980).

Plaintiffs have consistently insisted in the district court and in this court that they have no interest whatsoever in asserting a contract claim, express or implied, and seek only to assert their rights to damages for conduct *ex delicto*. They have relied upon section 365 of the Restatement (Second) of Torts[2] and cases sustaining the principles there enunciated.

---

* Honorable Bruce R. Thompson, Senior District Judge, United States District Court for the District of Nevada, sitting by designation.

1. The Tucker Act waives sovereign immunity with respect to claims against the U.S. founded *inter alia* upon the Constitution or contract or "for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491. Only the Court of Claims has jurisdiction over Tucker Act claims in excess of $10,000. 28 U.S.C. § 1346(a). The district courts, on the other hand, have exclusive jurisdiction over tort claims against the government under the FTCA. 28 U.S.C. § 1346(b).

2. § 365 of the Restatement (Second) of Torts provides as follows:

We find these citations to be inapposite to this case. We are not concerned with the liability of a possessor of land to others "outside the land." The allegations of the complaint implicate the rights and liabilities of the owner of the dominant tenement vis-a-vis the owner of the servient tenement in a common servitude situation involving a horizontal severance of the bundle of rights comprising ownership of real property. The Restatement of Property concerns itself with such problems. Section 485 of Restatement of the Law of Property, Vol. V, Servitudes, provides:

> In the case of an easement created by conveyance, the existence and the extent of any privilege and any duty of the owner of the easement to maintain, repair and improve the condition of the servient tenement for the purpose of increasing the effective uses of the easement or protecting the interests of the possessor of the servient tenement are determined by the conveyance.[3]

The Restatement comment under the foregoing section makes it clear that the problem has two aspects—who has the privilege of repairing and maintaining the easement, and who has the duty to do so. Both aspects are controllable by the terms of the conveyance, but in the absence of such terms the law grants to the owner of the easement the privilege of entering upon the easement to make reasonable repairs and the law also imposes upon the owner of the easement the *duty for the benefit of the owner of the servient tenement* to so maintain and repair the easement *as to prevent unreasonable interference with the use of the servient tenement.*

We find the Restatement principles to be fully supported by established precedent. Perhaps the leading case is *Coulsen v. Aberdeen-Springfield Canal Co.*, 47 Idaho 619, 277 P. 542 (1929). There plaintiff recovered for the loss of a bull which had fallen into a waste ditch created by the canal company's negligent maintenance of the canal. The canal company appealed the adverse judgment, and the Supreme Court of Idaho said:

> The duty of maintaining the easement or right of way was upon appellant and not upon respondent. *City of Bellevue v. Daly*, supra; *Durfee v. Garvey*, supra [78 Cal. 546, 21 P. 302]; *Linton v. Miller & Lux*, 83 Cal.App. 481, 257 P. 105. The failure of appellant to repair or guard amounts to actionable negligence. 9 R.C.L. 796; Vol. 2, Tiffany on Real Property, 1350; *Big Goose & Beaver Co. v. Morrow* [8 Wyo. 537, 59 P. 159], supra. This court in *Settlers' Irr. Dist. v. A. R. Cruzen Inv. Co.* [43 Idaho 736, 254 P. 1052], supra, held that the owner of the dominant tenement was answerable for such damages as might be sustained by the owner of the servient tenement resulting from the failure of the former to properly maintain the works connected with the easement, and in *Stuart v. Noble Ditch Co.*, 9 Idaho, 765, 76 P. 255, and *Burt v. Farmers' Co-op. Irr. Co.*, 30 Idaho, 752, 168 P. 1078, held that a canal company was liable for damages resulting from its negligent operation of its ditch or canal.

*City of Bellevue v. Daly*, 14 Idaho 545, 94 P. 1036 (1908); *Dudgeon v. Bronson*, 159 Ind. 562, 64 N.E. 910 (1902); *Littlejohn v. Cox*, 15 La. Ann. 67 (1860); *White v. Hotel Co.*, 68 N.H. 38, 34 A. 672 (1894); *Dana v. Smith*, 114 Me. 262, 95 A. 1034 (1915); *Moore v. White*, 159 Mich. 460, 124 N.W. 62 (1909); *Edgett v. Douglass*, 144 Pa. 95, 22 A. 868 (1891); *Wayne Sewerage Co. v. Fronefield*, 76 Pa.Super. 491 (1921); *Thompson v. Uglow*, 4 Or. 369 (1873); *Kesterson v. California-Oregon Power Co.*, 114 Or. 22, 228 P. 1092 (1924); *Murray v. Dickson*, 57 Tex.Civ.App. 620, 123 S.W. 179 (1909).

---

A possessor of land is subject to liability to others outside of the land for physical harm caused by the disrepair of a structure or other condition thereon, if the exercise of reasonable care by the possessor or by any person to whom he entrusts the maintenance and repair thereof
(a) would have disclosed the disrepair and the unreasonable risk involved therein, and
(b) would have made it reasonably safe by repair or otherwise.

**3.** The authors of the Restatement found the privilege and duty of the owner of the easement or the profit to repair and maintain to be recognized in the following cases:

Respondent had the right to make every reasonable use of his property over which the spillway had been constructed. He had the right to cultivate his land and to graze his cattle thereon. The only limitation on this right was that no use could be made by him that would interfere with the appellant in the operation, maintenance, or repair of its waste ditch. Of any use consistent with its right appellant could not complain. *City of Bellevue v. Daly*, supra; 9 R.C.L. 784; 9 R.C.L. 797; 19 C.J. 977; 9 Cal.Jur. 953; *Paterson v. Chambers' Power Co.* [81 Or. 328, 159 P. 568], supra; *Collins v. Alabama Power Co.*, 214 Ala. 643, 108 So. 868, 46 A.L.R. 1459; *Durfee v. Garvey*, supra; *Harmony Ditch Co. v. Sweeney*, 31 Wyo. 1, 222 P. 577; *Kentucky & West Virginia Power Co. v. Elkhorn City Land Co.*, 212 Ky. 624, 279 S.W. 1082. It is not necessary that the right of the owner of the servient tenement to occupy and use his land be expressly reserved to him; it is reserved, unless expressly conveyed. 9 R.C.L. 797; 19 C.J. 978; *Rolens v. City of Hutchinson*, 83 Kan. 618, 112 P. 129.

It follows that the bull owned by respondent was not a trespassing animal, but was rightfully grazing on the right of way, and that the rules announced by this court in *Strong v. Brown* [26 Idaho 1, 140 P. 773], supra, and *Gould v. Reed* [34 Idaho 618, 203 P. 284], supra, have no application. The condition of the waste ditch was not due to its reasonable use by appellant for the purposes contemplated, but was due to an unauthorized burden imposed upon respondent's land, and the failure of appellant to restore the land to its former condition, or to protect respondent in the ordinary use of his property in a manner not inconsistent with the right originally acquired, constituted actionable negligence.

277 P. at 546. The principles enunciated by the Idaho Supreme Court find uniform acceptance among the courts of the Western United States and elsewhere. *See*, in addition to precedents already cited: *United States v. 5.61 Acres of Land*, 148 F.Supp. 467 (N.D.Cal.1957); *Durfee v. Garvey*, 78 Cal. 546, 21 P. 302 (1889); *Rehwalt v. American Falls Reservoir District No. 2*, 97 Idaho 634, 550 P.2d 137 (1976); *Kirk v. Schulz*, 63 Idaho 278, 119 P.2d 266 (1941) (easement by prescription); *City of Payette v. Jacobsen*, 57 Idaho 524, 66 P.2d 1013 (1937); *Triplett v. Beuckman*, 40 Ill.App.3d 379, 352 N.E.2d 458 (1976); *Island Improvement Ass'n, etc. v. Ford*, 155 N.J.Super. 571, 383 A.2d 133 (1978); *Sinkey v. Board of Comm'rs*, 80 Nev. 526, 396 P.2d 737 (1964); *Nielsen v. Sandberg*, 105 Utah 93, 141 P.2d 696 (1943); *Big Goose & Beaver Ditch Co. v. Morrow*, 8 Wyo. 537, 59 P. 159 (1899).

■ This action arose in Montana. The FTCA, 28 U.S.C. § 1346(b), waives the sovereign immunity of the United States over actions for money damages "if a private person would be liable to the claimant in accordance with the law of the place where the act or omission occurred." None of the precedents cited declares Montana law and we have found none. We are, nevertheless, confident that if the case should arise, Montana courts will hold that the private owner of an easement has the privilege and duty of repair and maintenance to prevent unreasonable interference with the uses of the servient tenement and is liable for damages proximately caused by failure or neglect to perform such duty.

■ Inasmuch as the complaint does state a claim for relief under the FTCA within the jurisdiction of the district court, we must resolve the government's contention that because the terms of the deed of conveyance do (colorably, at least) impose an implied in fact obligation on the government to maintain the highway, and the claim is for more than $10,000, this must be treated as a contract case of which the Court of Claims has exclusive jurisdiction.

■ First, we may observe that the terms of the conveyance do not unambiguously place a duty of repair upon the grantee of the easement. The language may as easily be construed as assuring only the privilege of going upon the easement to repair and maintain it. It is also obvious that the language of the conveyance does

not add to, detract from or change in any way the common law privilege and duty of the owner of the easement to repair and maintain it, a duty which arises *ex delicto* and which exists if the deed of conveyance is wholly silent on the subject.

There is authority sustaining Tort Claims Act jurisdiction under these circumstances. The leading case is *Aleutco Corporation v. United States*, 244 F.2d 674 (3rd Cir. 1957), an action for damages for conversion by the government of war surplus materials which plaintiff had contracted to purchase. The court thoroughly discussed the jurisdictional issue citing precedents which we shall not repeat, held that the FTCA action was within the jurisdiction of the district court, and said:

> Aleutco's complaint is a sufficient statement of a cause in tort for conversion, and it would seem that Aleutco could have equally well made out a complaint for breach of contract. See 3 Williston on Sales § 595 (Rev.Ed.1948). Aleutco has chosen to prosecute its action on the basis of tort in the District Court. That it failed to avail itself of an action in the Court of Claims is not a valid jurisdictional objection.... Likewise,. as a result of the Tort Claims Act, there is no policy in the law which requires that the forum of the district court be denied a plaintiff who pleads and proves a classic case in tort. To do so would neither further nor accomplish Congress' purpose in waiving the immunity of the United States to suit.

*Id.* at 678–79 (footnote omitted). *Accord, New England Helicopter Service, Inc. v. United States*, 132 F.Supp. 938 (D.R.I.1955).

The Supreme Court has most recently considered the jurisdictional relationship between the Tucker Act and the FTCA in *Hatzlachh Supply Co., Inc. v. United States*, 444 U.S. 460, 100 S.Ct. 647, 62 L.Ed.2d 614 (1980). There it was held by a unanimous court (Blackmun, J. dissented on unrelated grounds) that the provision of the FTCA exempting liability for claims in respect of the detention of goods by a customs officer did not preclude an importer from recover-

ing under the Tucker Act for breach of an implied contract of bailment. The court cited *Aleutco, supra*, and *New England Helicopter Service, supra*, with approval, and said:

> The United States does not now defend the reasoning of the Court of Claims that § 2680(c) forecloses a remedy on an implied-in-fact contract of bailment. Tr. of Oral Arg. 37–38. It does support the judgment on a ground concededly not urged in the Court of Claims: that the contractual remedy should be rejected because individual Customs officers are subject to tort liability and because 28 U.S.C. § 2006 provides that judgments against Customs officers for negligent loss of goods, where seizure was made with probable cause, shall be paid by the United States. The existence of this private recourse, it is urged, counsel against recognizing a contractual remedy under the Tucker Act. We find the argument unpersuasive. There is no inconsistency between a contractual remedy against the Government and a tort remedy against Customs officers. Cf. *Keifer & Keifer [v. Reconstruction Finance Corp.*, 306 U.S. 381, 59 S.Ct. 516, 83 L.Ed. 784], *supra*. Without more, neither the existence of a tort remedy nor the lack of one is relevant to determining whether there is an implied-in-fact contract of bailment upon which the United States is liable in the Court of Claims pursuant to its waiver of sovereign immunity contained in the Tucker Act.

*Id.* at 465–66, 100 S.Ct. at 650. The *Hatzlachh* opinion may presage a lessening of the tension in jurisdictional disputes between the FTCA and the Tucker Act where tort and contract remedies co-exist.

The Ninth Circuit has dealt with the problem in a series of cases. In *Woodbury v. United States*, 313 F.2d 291 (9th Cir. 1963), the lower court had dismissed an action pleaded under the FTCA alleging a tortious breach of fiduciary duty which arose out of the execution and performance of contracts for the construction and financing of a housing project. The judg-

ment was affirmed upon the ground that the Tucker Act jurisdiction is exclusive where the cause of action is essentially for breach of contract. We, in *Woodbury*, tentatively disapproved the reasoning in Aleutco, but distinguished that case: "We think that in Aleutco the action was essentially one sounding in tort, while here the action is one essentially sounding in contract." *Woodbury*, 313 F.2d at 296. *Also* in *Woodbury*, p. 296, we included the following caveat:

> We do not mean that no action will ever lie against the United States under the Tort Claims Act if a suit could be maintained for a breach of contract based upon the same facts. We only hold that where, as in this case, the action is essentially for breach of a contractual undertaking, and the liability, if any, depends wholly upon the government's alleged promise, the action must be under the Tucker Act, and cannot be under the Federal Tort Claims Act.

Subsequently, in *Myers v. United States*, 323 F.2d 580 (9th Cir. 1963), we declined to find FTCA jurisdiction in an action pleaded as one for damages for nuisance and waste where the case was essentially one for inverse condemnation, a claim founded upon the Constitution with jurisdiction in the Court of Claims under the Tucker Act. *In Gardner Manufacturing Co. v. United States*, 479 F.2d 39 (9th Cir. 1973), we declined to decide whether an FTCA cause of action for conversion could lie where the relationship was essentially one of contract because we found no basis for a claim for conversion. *Aleutco* was cited without comment as authority recognizing FTCA jurisdiction in a conversion case. *Id.* at 41 n.2. Most recently in *Martin v. United States*, 649 F.2d 701 (9th Cir. 1981), we carved out an exception in favor of FTCA jurisdiction in a case involving a claim for personal injuries caused by negligent performance of a government contract. (Ferguson, J. dissented citing *Woodbury, supra.*)

Whatever may be the correct state of the law since the Supreme Court opinion in *Hatzlachh, supra*, we have no difficulty in this case in distinguishing *Woodbury* on the same reasoning that *Woodbury* distinguished *Aleutco*, that is to say, this action is essentially one sounding in tort while *Woodbury* was essentially an action sounding in contract.

The complaint pleads claims[4] for relief within the jurisdiction of the district court under the FTCA and the judgment is therefore reversed.

---

4. We do not by this ruling intimate any opinion about the claim for damages alleged in Count V of the complaint.