872 F.2d 881
 57 USLW 2624, 57 USLW 2676
 Francis A. LAPLANT, and Clara J. LaPlant, Plaintiffs-Appellants,
v.
UNITED STATES of America and its Department of Agriculture,
Farmers Home Administration; John R. Block, Secretary of
Agriculture; Charles W. Shuman, FmHA Administrator; Arthur
R. Lund, FmHA State Director; Theodore L. Hebnes, FmHA
Acting State Director; Dale Gilbert, FmHA District
Director; Charles Green, FmHA employee; and Claude
Hargrove, FmHA County Director, Defendants-Appellees.
 No. 87-4046.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 6, 1988.
Decided April 13, 1989.
Order Staying Mandate May 4, 1989.
 
 Kenneth R. Olson, Baiz & Olson, Great Falls, Mont., for plaintiffs-appellants.
 Carl E. Rostad, Asst. U.S. Atty., Great Falls, Mont., for defendants-appellees.
 Appeal from the United States District Court for the District of Montana.
 Before SCHROEDER, ALARCON and NORRIS, Circuit Judges.
 WILLIAM A. NORRIS, Circuit Judge:
 
 
 1
 Appellants Francis and Clara LaPlant appeal the district court's dismissal of their action for want of subject matter jurisdiction. The district court held that appellants' suit is a contract action, which under the Tucker Act, 28 U.S.C. Secs. 1346(a), 1491, is within the exclusive jurisdiction of the Claims Court. We affirm.
 
 
 2
 * Appellants, ranchers in Montana, entered into a series of loan agreements with the Farmers Home Administration (FmHA) in the late 1970s.[1] In the early 1980s, appellants began to fall behind in their repayment obligations and sought a refinancing agreement, which the FmHA rejected. Appellants then sought to sell some of their land to extinguish their debt. The FmHA intervened and, threatening appellants with foreclosure, forced appellants to sell more land than they had planned, including their homestead, on highly unfavorable terms. The FmHA never informed appellants that administrative avenues were open to them whereby they might reschedule their loans.
 
 
 3
 Appellants filed suit in district court under the Federal Tort Claims Act (FTCA), 28 U.S.C. Secs. 2671-2680, contending that the FmHA had breached its duty of "good faith" under Montana law. Appellants argue that Montana tort law imposes on the FmHA a "fiduciary" duty to treat borrowers "fairly and in good faith," and that the FmHA breached its duty by pressuring appellants to sell their land at a loss without informing them of their rights to debt rescheduling. The district court dismissed the action, holding that the claim was in the exclusive jurisdiction of the Claims Court under the Tucker Act, 28 U.S.C. Sec. 1346.
 
 II
 
 4
 Under federal law, jurisdiction over contract claims against the government differs from jurisdiction over tort claims. The FTCA and the Tucker Act divide tort and contract jurisdiction between the district courts and the Claims Court respectively. The FTCA waives sovereign immunity of the United States for suits challenging certain tortious actions by United States officers, and vests exclusive jurisdiction over such claims in the federal district courts. 28 U.S.C. Sec. 1346(b). The Tucker Act, on the other hand, waives sovereign immunity with respect to claims against the United States founded "upon any express or implied contract" or "for liquidated or unliquidated damages in cases not sounding in tort," 28 U.S.C. Sec. 1491, and vests exclusive jurisdiction in the Claims Court over such claims when they exceed $10,000. 28 U.S.C. Sec. 1346(a)(2).
 
 
 5
 The law applied under the FTCA and the Tucker Act also differs. The FTCA expressly provides that the United States shall be liable for torts "in accordance with the law of the place where the act or omission occurred." 28 U.S.C. Sec. 1346(b). The substantive liability rules applicable under the FTCA are therefore furnished by state law. Woodbury v. United States, 313 F.2d 291, 295 (9th Cir.1963). Under the Tucker Act, by contrast, the law to be applied in construing and enforcing government contracts is federal, not state law. The Tucker Act's incorporation of federal substantive law reflects a policy of ensuring that government contracts are subject to uniform interpretation and application rather than the varying constructions possible under the laws of the fifty states. Id. Keeping this policy in mind, we must determine whether appellants' claim is tort-based or contractual in nature.[2]
 
 
 6
 At the outset, we note that the language of appellants' complaint, which casts its claim for relief in terms of tort rather than contract, cannot be determinative in our inquiry. See Rowe v. United States, 633 F.2d 799, 802 (9th Cir.), cert. denied, 451 U.S. 970, 101 S.Ct. 2047, 68 L.Ed.2d 349 (1980). Nor can Montana law's characterization of an action for "bad faith" as an action sounding in tort control our inquiry. A review of the Montana Supreme Court decisions delineating the "bad faith" cause of action reveals that although the cause of action is attendant upon the formation and performance of commercial contracts, it is considered a tort independent of breach of contract. See, e.g., Lipinski v. Title Insurance Co., 202 Mont. 1, 655 P.2d 970 (1982); State ex rel. Dimler v. District Court, 170 Mont. 77, 550 P.2d 917 (1976). However, the Montana Supreme Court's characterization of bad faith as a "tort" is grounded on considerations that have little bearing on the Tucker Act's distinction between tort and contract actions for purposes of the Claims Court jurisdiction. The tort/contract distinction drawn by the Montana court apparently has significance for the purpose of delineating the elements of state law causes of action and determining what the available remedies are. But the Montana court's reasons for distinguishing between tort and contract actions have nothing to do with the Tucker Act's policy of generating a uniform body of federal law of government contracts. In determining whether appellants' "bad faith" action is tort-based or contractual for purposes of the Tucker Act, then, we ignore the state law characterization of the claim and focus instead on the substance of appellants' suit.
 
 
 7
 In dismissing appellants' action the district court relied on our decision in Woodbury v. United States, 313 F.2d 291 (9th Cir.1963). We agree that Woodbury mandates dismissal of the action. In Woodbury, this court determined that, in circumstances similar to the present case, a suit challenging the government's breach of an allegedly implied fiduciary duty arising out of a contractual relationship was a "contract" action falling within the exclusive jurisdiction of the Claims Court. In Woodbury, the plaintiffs obtained partial financing from the government for construction of a housing project. When the enterprise encountered financial difficulties and the government foreclosed, the plaintiff brought suit charging that the government had breached an implied fiduciary duty to provide long-term financing and to put the debtor's interests ahead of its own. We held that the claim was contractual in nature:
 
 
 8
 Many breaches of contract can also be treated as torts. But in cases such as this, where the 'tort' complained of is based entirely upon breach by the government of a promise made by it in a contract, so that the claim is in substance a breach of contract claim, and only incidentally and conceptually also a tort claim we do not think that the common law or local state law right to "[ ...] sue in tort" brings the case within the Federal Tort Claims Act.
 
 
 9
 313 F.2d at 295. We noted that to conclude otherwise would "defeat the long established policy that government contracts are to be given a uniform interpretation and application under federal law, rather than being given different interpretations and applications depending upon the vagaries of the laws of fifty different states." Id.
 
 
 10
 Appellants, as well as the dissent, attempt to distinguish Woodbury on the ground that the claim in that case was based on the breach of a governmental promise, whereas the claim in the present case does not depend on any contractual promise by the government to act in good faith. We reject this argument for two reasons. In the first place, we think that this attempted distinction mischaracterizes the holding of Woodbury. The "fiduciary" duty in Woodbury is essentially identical to the "good faith" duty invoked by appellants in this case, in that it was implied by the operation of state law. Woodbury, like this case, involved an obligation whose source was not any specific promise, but state law governing contractual relationships. True, the Woodbury opinion cast the government's asserted fiduciary obligation in terms of a "promise" rather than in terms of a duty created by state law to govern the contractual relationship; but the presented facts of the case, and the court's analysis, indicate that the court was not dealing with a governmental promise at all, but a fiduciary duty allegedly arising by operation of state law. The government was charged with breaching its duty to respect the interests of the other party to its contract, a duty which was not set out in the terms of the contract itself, but rather was imposed by the law governing the manner in which contractual obligations must be discharged. See 313 F.2d at 294. Similarly, the essence of the appellants' claim in this case is that the government has acted to deprive them of the benefit of their bargain, in violation of a term implied in all commercial contracts by operation of Montana law--the term requiring parties to deal fairly and in good faith. The Woodbury decision stands for the proposition that the "fiduciary" or "good faith" obligations attaching to contractual relationships cannot be imposed on the federal government by operation of state law, but are exclusively questions of federal law which must be determined in the first instance by the Claims Court.
 
 
 11
 Second, even if the specific holding of Woodbury is read to apply only to obligations deriving from a governmental promise as opposed to obligations externally imposed by state law, we still think the rationale of Woodbury controls this case. In Woodbury we defined the policy of the Tucker Act as ensuring that the government's obligations arising out of its contracts would be subject to uniform interpretation, and not differ according to "the vagaries of the laws of fifty different states." 313 F.2d at 295. This policy applies equally to obligations that are "implied in fact" through the agreement of the parties and to those that are "implied in law" through the operation of state laws. Although Montana courts may well define the "good faith" obligation in this case as a creature of tort law rather than contract law, the critical point for Tucker Act purposes is that the obligation rests exclusively on the government's contractual undertaking with appellants. In effect, state law is being invoked to augment the duties the federal government assumes when it enters into contract, imposing on it a state-defined obligation to give the appellants the benefit of their bargain. The Tucker Act's policy of ensuring uniformity in the interpretation and application of the obligations attaching to governmental contracts would be undercut if a state law claim of this nature could be brought under the FTCA. State law cannot, consistent with Tucker Act, be used to write terms into government contracts.
 
 III
 
 12
 Appellants' reliance on Fort Vancouver Plywood Co. v. United States, 747 F.2d 547 (9th Cir.1984), and Walsh v. United States, 672 F.2d 746 (9th Cir.1982), in support of the argument that their claim is tort-based, is misplaced. In Vancouver Plywood, the government sold timber to plaintiff, then accidently started a fire that burned the plaintiff's purchase. In Walsh, the government granted a cattle easement to plaintiff, then rendered the easement useless by damaging the cattleguards. In both cases, we held that the plaintiffs' claims were within the district courts' jurisdiction under the FTCA, because they were traditional negligence claims not grounded in the plaintiffs' contractual relationship with the government. See Fort Vancouver, 747 F.2d at 552; Walsh, 672 F.2d at 751. The plaintiffs' contractual relationship with the government was incidental, if not irrelevant, to their cause of action; it would have made no difference, for purposes of their tort suits, if they had not been in contractual privity with the government. The analysis in those decisions is inapposite to the present controversy.
 
 
 13
 Nor does this court's decision in Martin v. United States, 649 F.2d 701 (9th Cir.1981), compel a result contrary to the one we reach today.[3] In Martin, the plaintiff brought a negligence action against the government after injuring her hand in the bathtub of a house she bought from the Veterans Administration. We held that there was FTCA jurisdiction over the suit because the plaintiff's claim alleged "a classic tort" in the negligent repair of a house creating "an unsafe condition leading to a personal injury." 649 F.2d at 705. Martin is plainly distinguishable from the present case. As in Fort Vancouver and Walsh, the plaintiff in Martin was bringing a standard negligence action in which the contractual relationship with the government was incidental. Indeed, there is no indication that the tort cause of action was in any way dependent upon contractual privity with the government. For example, had it been a guest of the homeowner who was injured, the guest would presumably have also had a tort action against the government under the FTCA. By contrast, the LaPlants' cause of action is exclusively grounded in their contractual relationship with the government, and consists of purported state-law obligations regarding the manner in which contractual obligations must be discharged.[4]
 
 IV
 
 14
 We have recognized before the increasing difficulty of distinguishing tort claims from contract claims for purposes of Tucker Act jurisdiction. See Walsh, 672 F.2d at 751. In an era in which the obligations attaching to private consensual undertakings are increasingly defined by reference to public values, the distinction between tort and contract is often quite murky. See G. Gilmore, The Death of Contract (1974). Nevertheless, the Tucker Act requires that we draw the line, and we think appellants' action, which essentially seeks to imply a "good faith" term into a government contract by operation of state law, must be deemed contractual in nature.
 
 
 15
 The judgment below is AFFIRMED.
 
 ALARCON, Circuit Judge, dissenting:
 
 16
 My colleagues have concluded that when a party files an action against the United States in a federal district court for the tort of breach of the duty of good faith and fair dealing under state law, we must recharacterize the pleading as a contract action within the jurisdiction of the claims court under the Tucker Act, notwithstanding the fact that the plaintiffs have not purported to allege a violation of any express or implied-in-fact promise. The result of this curious analysis is that if this tort action is refiled in the Claims Court as required under the majority's holding, it will promptly be dismissed as frivolous because the plaintiffs do not claim that the government breached any express or implied-in-fact provision of its loan agreements. I cannot concur in this extraordinary result.
 
 
 17
 The LaPlants filed this tort action in the district court under the Federal Tort Claims Act (FTCA), 28 U.S.C. Secs. 1346(b), 2671-2680. The LaPlants alleged in their complaint that the Farmers Home Administration (FmHA) breached the duty of good faith and fair dealing imposed by Montana law on all contracting parties. They alleged that the amount in controversy exceeded $10,000 and sought damages of $100,000 for emotional and physical distress and punitive damages in an amount to be determined at trial.
 
 
 18
 A district court has jurisdiction under the FTCA for
 
 
 19
 ... injury or loss of property ... caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.
 
 
 20
 28 U.S.C. Sec. 1346(b). Thus, under the plain language of section 1346(b), a tort claim may be filed against the United States if the alleged act or omission would be a tort under the law of the forum state. Under Montana law, a person is liable in a tort action for breach of the duty of good faith and fair dealing at least where the parties bargain from unequal positions. Darko v. United States, et. al., 646 F.Supp. 223, 224-225 (D.Mont.1986); Weber v. Blue Cross, 196 Mont. 454, 643 P.2d 198 (1982); First National Bank in Libby v. Twombly, 213 Mont. 66, 689 P.2d 1226 (1984); Tribby v. Northwestern Bank of GF, 217 Mont. 196, 704 P.2d 409 (1985); Nicholson v. United Pac. Ins. Co., 219 Mont. 32, 710 P.2d 1342 (1985). The LaPlants allege that after entering into a loan agreement, the FmHA breached its duty of good faith and fair dealing by pressuring them into selling their land at a loss and failing to inform them of their right to debt rescheduling.
 
 
 21
 The majority does not argue that the district court had no jurisdiction because a private person in Montana would not be liable in tort for a breach of the duty of good faith and fair dealing. Instead, the majority acknowledges that under Montana law a breach of the duty of good faith and fair dealing "is considered a tort independent of breach of contract." (Majority Opinion, page 883.) Having set forth these clearly correct major and minor premises, the majority should have completed its analytical syllogism by concluding that the district court had jurisdiction over the LaPlants' cause of action sounding in tort.[1] Instead, the majority ignores the express terms of the FTCA and proceeds to hold that the district court lacked jurisdiction under the Tucker Act. 28 U.S.C. Sec. 1346.
 
 
 22
 The Tucker Act is inapplicable to the LaPlants' tort cause of action. The Tucker Act applies to contract and other claims against the United States "not sounding in tort." 28 U.S.C. Sec. 1491(a)(1) (emphasis added). The Tucker Act provides in pertinent part as follows: "The United States Claims Court shall have jurisdiction to render judgment ... upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. Sec. 1491(a)(1). Thus, the Court of Claims has no jurisdiction under the Tucker Act over tort claims such as breach of the duty of good faith and fair dealing.
 
 
 23
 The majority begins its Tucker Act analysis with the comment that "the law to be applied in construing and enforcing government contracts is federal, not state law." (Majority Opinion, page 882.) (emphasis added). The quoted passage by the majority expresses the flaw in its analysis of this case. A determination whether FmHA breached its duty of good faith and fair dealing does not involve construction or enforcement of a government contract. As set forth above, the LaPlants do not contend that FmHA breached an express or an implied-in-fact term of the loan agreements. Instead, they allege that FmHA violated the legal duty imposed under Montana law that parties to a contract deal with each other fairly and in good faith. Whether FmHA acted in good faith or dealt fairly with the LaPlants in pressuring them to sell some of their lands at a loss to pay off the loan agreement and to prevent foreclosure, and in failing to inform them that they could reschedule their deal pursuant to federal statutes and regulations, does not require interpretation or enforcement of any express or implied-in-fact term of the loan agreements.
 
 
 24
 The majority correctly paraphrases a portion of our discussion in Woodbury v. United States, 313 F.2d 291 (9th Cir.1963) for the proposition that "government contracts are to be given a uniform interpretation and application under federal law, rather than being given different interpretations and applications depending upon the vagaries of the laws of fifty different states." Id. at 295. A determination whether FmHA's alleged conduct constitutes a breach of the duty of good faith and fair dealing will not require an interpretation or enforcement of the loan agreements under Montana's law of contracts. No issue of contract law is presented in the LaPlants' complaint. Thus the majority's conclusion that this court can "ignore the state law characterization of the claim" (Majority Opinion, page 883) is unfounded under either FTCA or the Tucker Act.
 
 
 25
 Under Montana law "the implied covenant of good faith and fair dealing is not an obligation arising from a contract." Nicholson v. United Pac. Ins. Co., 219 Mont. 32, 710 P.2d 1342, 1348 (1985). The Montana Supreme Court has also stated that "the duty to exercise good faith is imposed by law rather than the contract itself." First Nat'l Bank in Libby v. Twombly, 689 P.2d 1226, 1230, 213 Mont. 66 (1984). In Gates v. Life of Mont., 205 Mont. 304, 668 P.2d 213 (1983), the Montana Supreme Court explained the duty of good faith and fair dealing "exists apart from, and in addition to, any terms agreed to by the parties." Id. 668 P.2d at 214. Thus, a proper application of Montana law to this tort action would require examination of FmHA's conduct apart from, and in addition to any express or implied-in-fact terms of the loan agreements. The majority states that in Woodbury we determined that "a suit challenging the government's breach of an allegedly implied fiduciary duty arising out of a contractual relationship was a 'contract' action falling within the exclusive jurisdiction of the Claims Court." Majority Opinion, page 883. This characterization of our holding in Woodbury is inaccurate. Our holding in Woodbury is as follows:
 
 
 26
 Many breaches of contract can also be treated as torts. But in cases such as this, where the "tort" complained of is based entirely upon breach by the government of a promise made by it in a contract, so that the claim is in substance a breach of contract claim, and only incidentally and conceptually also a tort claim, we do not think that the common law or local state law right to "waive the breach and sue in tort" brings the case within the Federal Torts Claims Act.
 
 
 27
 Woodbury, 313 F.2d at 295 (emphasis added).
 
 
 28
 Woodbury is readily distinguishable from the matter before us. First, the tort complained of by the LaPlants is not based entirely upon a breach of FmHA of a promise made by it in the loan agreement. In fact, the LaPlants do not allege a breach of the loan agreement. The LaPlants' claim is not "only incidentally and conceptually also a tort claim." Id. The LaPlants readily concede they have no contract cause of action. Thus, they are not in a legal position to waive a breach of the loan agreements to sue in tort. To prevail on their claim, the LaPlants must, under Montana law, prove conduct apart from and in addition to FmHA's performance of its promises under the loan agreement.
 
 In Woodbury we also commented as follows:
 
 29
 We do not mean that no action will ever lie against the United States under the Tort Claims Act if a suit could be maintained for a breach of contract based upon the same facts. We only hold that where, as in this case, the action is essentially for breach of a contractual undertaking, and the liability, if any, depends wholly upon the government's alleged promise, the action must be under the Tucker Act, and cannot be under the Federal Tort Claims Act.
 
 
 30
 Id. at 296 (emphasis added). Because this action as pleaded by the LaPlants is not essentially for breach of a contractual undertaking, and FmHA's liability is not dependent upon proof that it breached a promise contained in the loan agreement, I would hold that consistent with our analysis in Woodbury, this action must be brought under the FTCA and not the Tucker Act.
 
 
 31
 My analysis of the holding in Woodbury is consistent with this court's decision in Martin v. United States, 649 F.2d 701 (9th Cir.1981). In Martin we held that the district court has jurisdiction under the FTCA in an action based on "tortious breach of a contractual duty to repair the premises and make them habitable." Id. at 702. Before this court, the government argued that because the claim was contractual in nature, the district court lacked subject matter jurisdiction under the FTCA.[2] Id. at 704. We disposed of this argument in the following language: "[T]o deny jurisdiction in the district court merely because one element of the case is based on a contractual relationship would not further the statutory distinction between those cases to be brought in the Court of Claims and those to be brought in the district court." Id. at 705. In a later passage in Martin, we characterized the plaintiff's claim as "a personal injury action arising from breach of a duty of care arising out of a contract." Id. We also noted in Martin that "the plaintiff did not merely seek compensation for loss of profit or other purely economic losses." Id. In the instant matter the LaPlants seek damages for "emotional and physical distress suffered by plaintiffs."[3] As we stated in Martin, "[I] see no reason under these circumstances to deny [the LaPlants] the forum of the district court for [their] claim in tort." Id.
 
 
 32
 The majority has rejected our holding in Martin and has, instead, adopted the reasoning of our dissenting colleague.[4] In Martin, as in the instant matter, the cause of action was based on a breach of the duty of care owed by the United States arising out of the relationship created by the contract--not a breach of an express or implied-in-fact term of the contract. Martin, 649 F.2d at 703.
 
 
 33
 The majority has ignored our duty when faced with a decision of this circuit with which we disagree. "We are bound by decisions of prior panels" unless an en banc decision, Supreme Court decision, or subsequent legislation undermines those decisions. Montana v. Johnson, 738 F.2d 1074, 1077 (9th Cir.1984).
 
 
 34
 I would reverse the district court's judgment dismissing this action for want of subject matter jurisdiction.
 
 ORDER STAYING MANDATE
 
 35
 The mandate is stayed until further order of the court.
 
 
 36
 This panel and another panel of this court (Love v. United States, 9th Cir., 871 F.2d 1488, filed 1989), have filed opinions that conflict on the issue of whether an action against the FmHA for breach of duty of good faith under Montana law sounds in tort or contract.
 
 
 37
 The parties shall have until June 1, 1989 to file simultaneous briefs on the issue. Briefs shall not exceed fifteen (15) pages in length. The court is interested in citation to any Court of Claims cases that have either accepted or denied jurisdiction in similar cases.
 
 
 38
 Any party seeking rehearing on any other issues should include a discussion of such additional issues. If the court wants responses to any such additional issues, it will enter a further order to that effect.
 
 
 
 [1]
 For purposes of this appeal, we take as true the allegations set forth in the complaint
 
 
 [2]
 We review de novo the district court's determination that it lacks subject matter jurisdiction. Fort Vancouver Plywood Co. v. United States, 747 F.2d 547, 549 (9th Cir.1984)
 
 
 [3]
 Although the appellants do not cite Martin, the dissent relies heavily upon it
 
 
 [4]
 Nor, contrary to the dissent's suggestion, does it matter that appellants in this case seek compensation for "emotional and physical distress" resulting from the government's alleged bad faith conduct. This claim is essentially one for consequential damages resulting from the underlying breach of a commercial relationship. If a claim for compensation for such injuries were the basis for FTCA jurisdiction, any contract action could be brought under the FTCA so long as a claim for compensation for "distress" was appended. Such a result would be at odds with the purposes of the Tucker Act, and in any event is not remotely suggested by our decision in Martin
 
 
 [1]
 The correct syllogism can be stated as follows:
 Major premise:
 A federal district court has jurisdiction under the FTCA over a claim against the United States if the wrongful act or omission would be a tort if committed by a private person according to the law of the place where the conduct occurred.
 Minor Premise:
 In Montana a private person is liable in tort for breach of the duty of good faith and fair dealing.
 Conclusion:
 The United States District Court for the District of Montana has jurisdiction under the FTCA over a tort claim against the FmHA for a breach of its duty of good faith and fair dealing.
 
 
 [2]
 Contrary to the assertion of the majority, the contractual relationship with the government was not "incidental to the plaintiff's cause of action." (Majority Op. at 884). To the contrary, we stated unequivocally: "Martin's cause of action under the FTCA rests upon the existence of a duty of care owed by the Government to Martin and arising out of a contract to repair the bathtub spout and other plumbing fixtures." Martin, 649 F.2d at 703. (emphasis added)
 
 
 [3]
 In footnote 4 of the majority opinion, the suggestion that it does not matter that the LaPlants seek damages for emotional and physical distress is in direct conflict of the analysis of our decision in Martin. The majority in Martin stated:
 The tort alleged here arises from an unsafe condition leading to a personal injury. It is a classic tort. (citation omitted). If the claim arising out of the breach of contract were for expectation damages, i.e. asking for the installation of a good spout, it would be more characteristic of a contractual action. However, this is a personal injury action arising from breach of a duty of care arising out of a contract. It would be improper to limit the plaintiff to a purely contract remedy. The cases that require such a limitation ... involve breaches in commercial relationships leading to loss of profit or other purely economic harm.
 Id. at 705.
 
 
 [4]
 Two examples will suffice to demonstrate the majority's refusal to follow our decision in Martin. The majority in the instant matter states on page 11, "we think appellant's action, which essentially seeks to imply a 'good faith' term into a government contract by operation of state law, must be deemed contractual in nature."
 In his dissenting expression in Martin, Judge Ferguson argues: "[W]hen a cause of action is founded solely upon the breach of an obligation created by contract suit can be brought only according to the dictates of the Tucker Act." Martin, 649 F.2d at 706 (Ferguson, C.J., dissenting). The majority in Martin, however, held that "this is a personal injury action arising from breach of a duty of care arising out of a contract. It would be improper to limit the plaintiff to a purely contract remedy." Martin, 649 F.2d at 705.
 The majority in the matter sub judice observes in footnote 4 that "it does not matter that appellants in this case seek compensation for 'emotional and physical distress' resulting from the government's alleged bad faith conduct." Majority Opinion at 885, n. 4.
 Judge Ferguson stated in Martin:
 The majority attempts to avoid the result mandated by Woodbury and the jurisdictional section of the Tucker Act. First, it distinguishes Woodbury by pointing out that the plaintiff there suffered only economic harm, while in the instant case, the plaintiff has suffered a physical injury. Nothing in Woodbury, suggests such a distinction.
 Martin, 649 F.2d at 706 (Ferguson, C.J., dissenting) (footnote omitted).
 The majority in Martin, however, disagreed and held instead that "[h]ere Mrs. Martin's complaint seeks damages for her personal injury from the negligent repair of a house and we see no reason to deny her the forum of the district court for her claim in tort." Martin, 649 F.2d at 705 (emphasis added).