107 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert S. HILDERBRAND and Claudia Hilderbrand, Plaintiffs-Appellants,
v.
The UNITED STATES of America, acting through the FARMERS
HOME ADMINISTRATION, Defendant-Appellee.
 No. 95-16375.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1996.
Decided Feb. 5, 1997.
 
 1
 Before: REINHARDT and RYMER, Circuit Judges, and TANNER,* District Judge.
 
 
 2
 MEMORANDUM**
 
 DISCUSSION
 
 3
 Plaintiffs claim that the Farmers Home Administration (FmHA) acted arbitrarily, capriciously, and unconstitutionally in refusing to offer them debt relief on terms FmHA had earlier agreed to as part of an approved Chapter 11 reorganization plan. Plaintiffs also argue that the district court erred in failing to remand the matter to FmHA because of the arbitrary and capricious nature of the appraisal used by FmHA in servicing their account, and FmHA's arbitrary and capricious handling of their account.
 
 The Agreement
 
 4
 The district court lacked jurisdiction to resolve the Hilderbrands' contract claims, i.e., whether a tentative agreement entered into between the Hilderbrands and the FmHA became effective notwithstanding the failure of the Chapter 11 proceedings. Plaintiffs' complaint relied solely on the Administrative Procedure Act for jurisdiction. A borrowers' suit against FmHA is a contract action within the exclusive jurisdiction of the Court of Claims pursuant to the Tucker Act. LaPlant v. United States, 872 F.2d 881, 882 (9th Cir.1989); 28 U.S.C.A. §§ 1346(a), 1491. Because the district court had no authority to reach the merits, we must remand this claim to the district court with instructions to vacate its judgment and dismiss for lack of subject matter jurisdiction. See Columbia Power Trades Council v. U.S. Dep't of Energy, 671 F.2d 325, 329 (9th Cir.1982).
 
 STANDARD OF REVIEW
 
 5
 FmHA actions taken pursuant to the APA will be set aside only if the action taken is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(2)(A). Asarco, Inc. v. U.S. Environmental Protection Agency, 616 F.2d 1153, 1158 (9th Cir.1980), quoting Citizens to Preserve Overton Park, Inc. v. Volpe, 401 U.S. 402, 413-14 (1971). An agency's interpretation of a statute is "given controlling weight unless [it is] arbitrary, capricious, or manifestly contrary to statute." Briggs v. Sullivan, 954 F.2d 534, 538 (9th Cir.1992), quoting Chevron USA, Inc. v. Natural Resources Defense Council, Inc., 467 U.S. 837, 842 (1984). The proper inquiry is whether the regulation reflects a clear error of judgment. Id. at 538.
 
 The FmHA Appraisal
 
 6
 Plaintiffs argue that the district court erred in upholding FmHA's decision finding them ineligible for primary debt restructuring because FmHA's decision to use the March 1, 1992 Xavier/Tingey appraisal of $305,000 to prepare the DALR$ Report was arbitrary and capricious. Plaintiffs argue that the agency should accept the lower Briggs appraisal of $194,000 or allow appointment of an independent appraiser to reappraise the property.[1]
 
 
 7
 The statute requires use of the current appraised value of the collateral in calculating what FmHA would net in foreclosure. 7 U.S.C. § 2001(c)(2)(A). FmHA used the most recent appraisal obtained by its prior to its final DALR$ analysis in January 1993. On the basis of a desk review of the Xavier/Tingey appraisal in March 1992 and the Charles Briggs appraisal of June 15, 1993, California FmHA Appraisal Systems Manager Dan Troth found the March 1, 1992 appraisal to be well-documented.[2] The appraisal relied upon by FmHA was not arbitrary and capricious.
 
 Farm and Home Plan
 
 8
 FmHA Instruction 1951-S, § 1951.909 requires the County Supervisor to use DALR$ to determine which loan servicing programs will result in a feasible plan for borrowers.
 
 
 9
 Plaintiffs contend that the data used by the County Supervisor in the revised 1992 Farm Home Plan was inaccurate because expense figures are overstated, not properly categorized, and income is deflated. Plaintiffs did not provide evidence that the operating expense figures used were erroneous. Other than their own conclusory statements, plaintiffs offered no evidence to support their claim that the data FmHA used to run the DALR$ was inaccurate or otherwise erroneous. The plaintiffs' plan was not feasible because the balance available after restructuring was not sufficient to service all of their annual debt and operating expenses.
 
 
 10
 FmHA provided a very detailed breakdown of the method it used to calculate its numbers. The record shows that the information submitted by plaintiffs was incomplete. When actual records are unavailable, alternative sources may be used, including farm records and county averages for income and expense information for the county in which the farm is located. 7 C.F.R. § 1924.57(d)(1)(iii) (1993). In this case, county averages were used to calculate operating expenses for each of plaintiffs' crops, and for estimating income and expenses for two new crops for which actual costs were not available. FmHA ran its DALR$ analysis using the data prescribed in FmHA regulations to determine what debt relief it could offer plaintiffs. FmHA's actions were not arbitrary or capricious.
 
 The Fifth Amendment
 
 11
 Plaintiffs allege a due process violation arising from FmHA's use of the Xavier/Tingey appraisal which plaintiffs allege is erroneous. There is no evidence that the appraisal was erroneous; moreover, while plaintiffs were given adequate notice of their rights and opportunities for hearing, plaintiffs declined the opportunity afforded them under FmHA regulations to get an independent appraisal.[3] Plaintiffs' claim that they were deprived of the benefit of the $19,075.09 payment to FmHA also lacks merit. The payment referred to was properly credited to plaintiffs account. Because we lack jurisdiction to address plaintiffs' contract claim, we do not address their argument that FmHA violated due process by its refusal to honor the alleged agreement modifying plaintiffs' loan. Based on the foregoing, the judgment of the district court is AFFIRMED in part, and VACATED and REMANDED in part.
 
 
 
 *
 Honorable Jack E. Tanner, United States District Judge, Western District of Washington, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 DALR$ refers to the Debt Adjustment and Loan Restructuring System. It computes the present value of the restructured loan, and the net recovery value of the collateral property. 7 U.S.C. § 2001; 7 C.F.R. 1951-S
 
 
 [2]
 In a September 18, 1993 letter to the Acting Chief of Farmer Programs at FMHA, Troth offered his opinion on the Xavier/Tingey and Briggs appraisals, stating:
 the first [March 1992 Xavier/Tingey] report is well-documented and meets USPAP. The recent [June 1993 Briggs] report omits the income approach, otherwise, it is adequately documented except he omits his State Certification Number and does not include the certification required by USPAP ... I cannot form an informed opinion on the validity of either one of these reports without doing a field review. From the basis of the desk review, only the 1992 appraisal is the best documented if a 1992 value date is of use to you.
 
 
 [3]
 The procedures borrowers must follow to contest a FmHA appraisal are found in 7 U.S.C. § 2001(j) and 7 C.F.R. § 1951.909(i)(3)