**NOTTINGHAM, LTD., et. al., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**No. CV 89–5647 AWT.**

United States District Court, C.D. California.

Dec. 21, 1989.

Robert E. Willard, Newport Beach, Cal. for plaintiffs.

Stuart M. Gerson, Asst. Atty. Gen., Jeffrey Axelrad, Director, Torts Branch, Civ. Div., Nikki Calvano, Trial Atty., Torts Branch, U.S. Dept. of Justice, Washington, D.C., Gary A. Feess, U.S. Atty., Roger West, Asst. U.S. Atty., Los Angeles, Cal., for defendant.

## MEMORANDUM ORDER ON MOTION TO DISMISS

TASHIMA, District Judge.

This case involves a dispute over money which was held in escrow by the United States and which it paid out to a third party. Plaintiff Nottingham, Ltd. ("Nottingham") claims the money belonged to it, and that the government "converted" the money when it was disbursed to the third party. The government has moved to dismiss for lack of subject matter jurisdiction under F.R.Civ.P. 12(b)(1), invoking the United States' sovereign immunity. Because this case falls within the Federal Tort Claims Act's ("FTCA") waiver of sovereign immunity, 28 U.S.C. § 2674, the motion to dismiss is denied.

### I. Background

In 1982, Nottingham became a limited partner in Alderwood Baldwin Park (the "partnership") of which Dick Scott, Inc. ("Scott") was the general partner. The partnership was formed to develop a condominium project. San Marino Savings and Loan Association ("San Marino") provided financing for the project through a Joint Venture Agreement. In 1984, San Marino was placed in receivership and the Federal Savings and Loan Insurance Corporation ("FSLIC") took over its operations. FSLIC sought to cancel the Joint Venture Agreement. The parties to that agreement reached a settlement. Nottingham did not participate in the settlement or the negotiations leading up to it. As part of that settlement, FSLIC was to place a sum of money in escrow to protect it from any claims by Nottingham.

In January, 1988, FSLIC disbursed the money it was holding in escrow to Scott, the general partner of the partnership. Nottingham claims that by that time the partnership had ceased to exist; accordingly, that the money being held in escrow should have been paid to it. Nottingham claims its right to those funds arose out of the partnership agreement. The government was not a party to the limited partnership agreement. Nottingham contends that the government's payment of the money to Scott constituted conversion under California law. The government has moved to dismiss for lack of subject matter jurisdiction. The government offers two reasons why jurisdiction does not exist in this case. Each is discussed in turn.

### II. Contract Claim v. Conversion

Under the FTCA the United States is liable "in the manner and to the same extent as a private individual under like circumstances." 28 U.S.C. § 2674. Nonetheless, where a tort claim "is essentially for breach of a contractual undertaking, and the liability, if any, *depends wholly upon the government's promise*, the action ... cannot be under the Federal Tort Claims Act." *Woodbury v. United States*, 313 F.2d 291, 296 (9th Cir.1963) (emphasis added).

The *Woodbury* rationale, whether an asserted tort claim is, in substance, a contract claim *against the government*, has since been discussed in a number of Ninth Circuit cases. *See, LaPlant v. United States*, 872 F.2d 881 (9th Cir.1989); *Love v. United States*, 871 F.2d 1488 (9th cir.1989); *Fort Vancouver Plywood Co. v. United States*, 747 F.2d 547 (9th Cir.1984); *Walsh v. United States*, 672 F.2d 746 (9th Cir.1982); *Martin v. United States*, 649 F.2d 701 (9th Cir.1981); *Rowe v. United States*, 633 F.2d 799 (9th Cir.1980).

In each of those cases, the government owed a duty to the plaintiff which arose from a contract between them. The court tried to determine whether the tort claim

was, in substance, a claim based on that contract. In fact, in *Love*, the court found FTCA jurisdiction over a conversion claim, even though it implicated a contract between the government and the plaintiff.[1]

The government now asks the court to extend the *Woodbury* analysis to a case in which the contract at issue does not involve the government and, therefore, in which the plaintiff could not bring a contract action against the government. The government has cited no case in which a contractual relationship with a third party was found to transform a tort action into one that was in substance a contract claim. This is not surprising because *Woodbury's* rationale was that plaintiff should pursue its contract claims against the government under the Tucker Act. The court therefore declines to extend *Woodbury* to this case where plaintiff would have no contract remedy before the Claims Court. *Love* permits the maintenance of a conversion claim under the FTCA.

### III. Interference with Contractual Relations

One of the exceptions to the FTCA's waiver of sovereign immunity bars claims "arising out of ... interference with contract rights." 28 U.S.C. § 2680(h). The Ninth Circuit has held that this exception applies to the specific tort of that name, rather than to the more general situation in which the government's actions in some way implicate a contract between third parties. *Fort Vancouver Plywood Co.*, 747 F.2d at 553. The court also set forth the elements of that tort:

> "[I]n this circuit, the tort of interference with contract rights requires *inter alia* the existence of a special economic relationship between plaintiff and a third party, which relationship is disrupted by intentional acts of the defendant."

*Id.* The defendant must have intended to induce the breach. *General Business Sys.*

*v. North American Philips Corp.*, 699 F.2d 965, 981 (9th Cir.1983).

The California tort of conversion, which plaintiff claims the government has committed, is substantially different from interference with contract rights. Conversion is "the wrongful exercise of dominion over personal property of another." 5 Witkin, Summary of California Law, *Torts* § 610. Unlike the tort of interference with contract rights, conversion requires no showing of wrongful motive, intent, or knowledge. *Id.* at § 624. Because conversion is not the equivalent of the tort of interference with contract rights, the interference with contract rights exception under § 2680(h) does not apply to this case.

For the foregoing reasons, IT IS ORDERED:

1. The motion to dismiss is DENIED.

2. The United States is granted 30 days within which to file and serve its answer.

---

1. The Court is aware that issuance of the mandate in *Love* and *LaPlant* has been stayed because of a conflict between those cases. However, the conflict concerns only the one issue of

"whether an action ... *for breach of duty of good faith* under Montana law sounds in tort or contract." *Love,* 871 F.2d at 1495 (emphasis added).