NOTTINGHAM, LTD., et al., Plaintiffs,

v.

UNITED STATES of America, Defendant.

No. CV 89–5647 AWT.

United States District Court, C.D. California.

Aug. 8, 1990.

---

Robert E. Willard, Newport Beach, Cal., for plaintiffs.

Stuart M. Gerson, Asst. Atty. Gen., Jeffrey Axelrad, Director, Torts Branch Civ. Div., Michael T. Truscott, Trial Atty., Torts Branch, U.S. Dept. of Justice, Washington, D.C., Lourdes G. Baird, U.S. Atty., Roger West, Asst. U.S. Atty., Los Angeles, Cal., for defendant.

## MEMORANDUM OPINION AND ORDER

TASHIMA, District Judge.

This is an action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.* (FTCA), for conversion. The court has heretofore denied the government's motion to dismiss on the ground that this action was not one in tort, properly brought under the FTCA, but one sounding in contract. *Nottingham, Ltd. v. United States*, 741 F.Supp. 1445 (C.D.Cal.1989) (*Nottingham I*). The government has now moved to dismiss or, in the alternative, for summary judgment on the ground that because conversion is a "strict liability" tort, there has been no waiver of sovereign immunity.[1] The government contends that the FTCA waives sovereign immunity only for torts based on "the negligent or wrongful act or omission" of its employees, 28 U.S.C. § 1346(b), and not for strict liability torts. Surprisingly, there appears to be no case addressing the issue of whether or not the government can be held liable for the tort of conversion under the FTCA.[2]

The government relies primarily on *Dalehite v. United States*, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953). *Dalehite*, which arose out of a disastrous explosion of chemical fertilizer, held that the government could not be held liable under the FTCA under a theory of "absolute liability without fault," such as for engaging in "ultra-hazardous" activity. *Id.* at 44–45, 73 S.Ct. at 972. The Court held that some negligent act or omission was required. *Id.* at 44, 73 S.Ct. at 972. With respect to the "wrongful" conduct alternative of the FTCA, the Court held that this did not encompass the absolute liability theory. Significantly, however, the Court opined that Congress, in enacting this alternative basis of FTCA liability, "had a much narrower inspiration: 'trespasses' which might not be considered strictly negligent." *Id.* at 45, 73 S.Ct. at 972–73. Three years later, in *Hatahley v. United States*, 351 U.S. 173, 181, 76 S.Ct. 745, 751–52, 100 L.Ed. 1065 (1956), the Court squarely held that trespass by a government agent gave rise to liability under the FTCA.[3]

In *Laird v. Nelms*, 406 U.S. 797, 92 S.Ct. 1899, 32 L.Ed.2d 499 (1972), the Court revisited the trespass issue. However, it held only that "sonic boom" damage to property assertedly caused by military aircraft was more akin to ultrahazardous activity than to trespass. Accordingly, the Court declined to impose FTCA liability on the government for such activity. *Id.* at 802–03, 92 S.Ct. at 1902.

A number of cases have recognized FTCA actions for conversion, *e.g., Aleutco Corp. v. United States*, 244 F.2d 674, 678

---

1. The "facts" before the court remain essentially the same as those recited in *Nottingham I;* they are not disputed and will not be repeated.

2. This Circuit has previously declined to address the issue. *Gardiner Mfg. Co. v. United States*, 479 F.2d 39, 41 n. 2 (9th Cir.1973).

(3d Cir.1957),[4] but none has addressed the precise issue before the court, to which we now turn.

In California, the torts of trespass to realty and conversion of personalty share common attributes, including that of the lack of "wrongful" conduct or intent as an element of the tort. As respects the California tort of conversion:

> The foundation for the action of conversion rests neither in the knowledge nor the intent of the defendant. It rests upon the unwarranted interference by defendant with the dominion over the property of the plaintiff from which the injury to the latter results. Therefore, neither good nor bad faith, neither care nor negligence, neither knowledge nor ignorance, are the gist of the action.

*Poggi v. Scott,* 167 Cal. 372, 375, 139 P. 815 (1914). *See also Henderson v. Security Nat'l Bank,* 72 Cal.App.3d 764, 771, 140 Cal.Rptr. 388 (1977); *See generally,* 5 Witkin, Summary of Calif. Law, *Torts* § 624, p. 717 (wrongful intent unnecessary). Similarly, the California tort of trespass requires neither "wrongful" intent nor conduct; it requires only the entry onto another's property with the intent to do so, regardless of the actor's motivation. *E.g., Miller v. National Broadcasting Co.,* 187 Cal.App.3d 1463, 1480, 232 Cal.Rptr. 668 (1986). *See generally,* 5 Witkin, Summary of Calif. Law, *Torts* § 604, p. 704.

The Restatement of Torts 2d also treats these two torts as analogs of one another and does not require "wrongful" conduct or intent in either case. *Compare* Restatement of Torts 2d § 163, Comment *b* (intent required for trespass), *with id.* § 224, Comment *c* (intent required for conversion).[5]

In *Hatahley,* 351 U.S. at 181, 76 S.Ct. at 751–52, the Supreme Court squarely held that the tort of trespass was cognizable under the FTCA. The court perceives no principled distinction between the torts of trespass and conversion, insofar as the FTCA's requirement of "wrongful" conduct is concerned.

IT IS ORDERED that defendant's motion to dismiss or, in the alternative, for summary judgment is DENIED.

---

**3.** Although not described as such, *Hatahley* appears to be more a case of trespass to chattel (horses) rather than of land.

**4.** As *Nottingham I,* pointed out, *Love v. United States,* 871 F.2d 1488, 1493 (9th Cir.1989), recognized a conversion claim under the FTCA. *See* 741 F.Supp. at 1446–47.

**5.** The Restatement also recognizes the tort of trespass to chattel, the primary difference between that tort and conversion being the degree of interference with the possessory interest in the chattel. *Id.* Ch. 9, Scope Note & § 222A, Comment *a.*