FRANCIS DANA *vs.* DANIEL A. SMITH.

Washington.   Opinion December 15, 1915.

*Deed.      Life Estate.      Obstruction thereto.      Reservation of a right of way.     Right of way.*

1. A deed to H. "his heirs and assigns," of a parcel of land (described); "a right is also given H. to pass to the highway by the shore of the flowage such as will convene his purpose;" habendum, "the aforegranted and bargained premises, with all the privileges and appurtenances thereof to the said H. his heirs and assigns;" gives H. a right, in fee, to a convenient way by the flowage to the highway.

2. The court, declaring that the way had been obstructed, directed a verdict for plaintiff; held, that the evidence as to obstruction of the way was conflicting and should have been submitted to the jury.

3. Where a growth of bushes has rendered the right of way of plaintiff impassable, the erection of a fence to the bushes but not across the way is not an obstruction thereto, although accompanied by notices forbidding passage and by an intention thus to prevent the same.

4. The burden of keeping a right of way in repair rests upon the owner of the dominant estate and not upon the owner of the servient estate, unless the latter has undertaken to repair it.

On exceptions and motion by defendant.   Exceptions sustained.

This is an action on the case to recover damages for an alleged interference with a right of way across the land of defendant.   The presiding Justice instructed the jury among other things, as follows; "Under my construction of the deed, the plaintiff has a right of way over Sopiel Haney's second or substituted way from the road down to the point and that right of way has been obstructed; therefore, the plaintiff is entitled to nominal damages."   To this part of the instructions, the defendant excepts.   The court then directed a verdict for the plaintiff for the sum of one dollar.   The defendant filed a motion for a new trial.

The case is stated in the opinion.

*F. Bogue, and R. J. McGarrigle,* for plaintiff.

*A. D. McFaul and J. F. Lynch,* for defendant.

SITTING:  SAVAGE, C. J., SPEAR, BIRD, HALEY, PHILBROOK, JJ.

BIRD, J.   The plaintiff prosecutes this action of trespass on the case for the purpose of recovering damages for an alleged obstruction of a right of way.   On the twelfth day of January, 1895, the defendant conveyed, by deed of warranty, to one Sopiel Haney a lot of land in East Machias.   In the deed immediately following the description of the land occur these words, "containing one acre more or less reserving a road to the lake where the road now is a right is also given Sopiel Haney to pass to the highway by the shore of the flowage such as will convene his purpose."   The plea was the general issue with brief statement denying the existence of any right of way across the premises, except in Sopiel Haney.   Certain deeds were offered in evidence by plaintiff presumably for the purpose of showing devolution of title to him, but they do not appear in the record nor are the originals before us.   Still, as the case seems to have been tried upon that assumption, we will assume that, if the right of way in question was conveyed in fee to Sopiel Haney, the plaintiff has obtained his title.

There was evidence on the part of the defendant that either before, or subsequent to, the delivery of the deed of defendant to Sopiel Haney, the grantor and grantee met and laid out a way along the flowage and that a year or so later they agreed to change the location of the way, as previously laid out, by substituting for it a way along the margin of the lake above high water mark. This evidence is uncontradicted.

At the close of his charge to the jury the presiding Justice said "Under my construction of it [the deed] the plaintiff has a right of way over Sopiel Haney's second or substituted way from the road down to the point and that right of way has been obstructed; therefore the plaintiff is entitled to nominal damages." To this part of the instructions the defendant excepts. The court then directed a verdict for plaintiff for the sum of one dollar and the case is here upon defendant's bill of exceptions and motion for new trial.

The evidence being uncontradicted as to the substituted way, two questions arise under the exceptions; whether or not the grant of a right of way to Haney by defendant was one of inheritance and whether or not the question of obstruction of the way should have been submitted to the jury.

Neither the reservation of a right of way to the grantor nor the grant of a right of way in the premises of the deed indicate other than a life estate, the words heirs and assigns being omitted. The implication of a grant by the grantee to the grantor of the right of way reserved extends no further than the language of the reservation. It is unlike the case of an exception where words of inheritance are unnecessary. But the habendum of the deed of plaintiff to Haney is in the usual form, concluding with the words "to the said Sopiel Haney his heirs and assigns, to their use and behoof forever." It is familiar law that the office of the habendum is to limit or declare and fix the nature and extent of the interest or title conveyed by the premises. It may define, enlarge or, in some cases, diminish the estate granted. Where, however, there is in the premises no express limitation of the estate granted, its office to enlarge is generally undoubted. The effect of the habendum in the case before us is to convert what the premises leave as a life estate into an estate in fee. See *Berry* v. *Billings,* 44 Maine, 416, 423; 6 Am. Dec. 107, 108; 3 Wash. R. P., §§ 2270, 2271; see also *Higgins* v. *Wasgatt,* 34

Maine, 305, 308, 309. *Pratt* v. *Sanger*, 4 Gray, 84, 86, in which the same conclusion is reached, is a case where the facts are substantially the same as in the present case.

The alleged obstruction consisted of a wire fence which commenced at a point easterly of defendant's house, extended southerly and then easterly towards the margin of the lake. How near it approached the margin is therefore the important question. If the fence extended across the substituted way, defendant was guilty of the obstruction. If, on the other hand, sufficient space was left between the end of the fence and the margin of the lake to permit passage which was prevented by the growth of bushes, the obstruction was not the act of the defendant but the result of the failure of Sopiel Haney and his successors in title, upon whom, and not upon defendant, there being no evidence of any undertaking on his part to do so, the burden of keeping the way in repair rests, to keep the way open. The evidence of the witnesses is conflicting. The plan found in the record and that used at the trial appear to indicate that the fence does not cross the substituted way. If upon this point, the jury had found for the defendant, there was sufficient evidence, we conceive, to sustain such finding.

It is in evidence that the defendant placed a notice upon the land forbidding passage without his permission and that it was his intention to prevent every person from passing over his land under a claim of right. Whatever the effect of such acts and intentions, whether expressed or not, upon the acquirement of prescriptive rights may be, they cannot be actionable as interruptions or obstructions of a right of way already existing. As such, they are purely conventional. See *Rollins* v. *Blackden,* 112 Maine, 459, 466; *McTavish* v. *Carroll,* 17 Md., 1, 7; and also *Dickinson* v. *Whiting,* 141 Mass., 414, 417. The entry must, therefore, be,

*Exceptions sustained.*