2009 ME 123

**Robert J. TARBOX et al.**

v.

**Stephen W. BLAISDELL et al.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Oct. 14, 2009.

Decided: Dec. 15, 2009.

**1274**

David A. Soley, Esq., Glenn Israel, Esq., Daniel J. Edwards, Esq., Bernstein Shur, Portland, ME, for Stephen W. Blaisdell, Susan M. Blaisdell, and Sarah Blaisdell.

Elliott L. Epstein, Esq., Pickus & Epstein, Portland, ME, for HDV Enterprises, LLC.

Thomas Danylik, Esq., Sandra L. Guay, Esq., Woodman Edmands Danylik & Austin, P.A., Biddeford, ME, for Robert J. Tarbox, Corrie A. Tarbox, Catherine M. Tarbox, and Philip J. Tarbox.

Panel: SAUFLEY, C.J., and ALEXANDER, SILVER, MEAD, and GORMAN, JJ.

GORMAN, J.

[¶ 1] Stephen W. Blaisdell, Susan M. Blaisdell, Sarah Blaisdell (the Blaisdell heirs) and HDV Enterprises, LLC appeal from a summary judgment in favor of Robert J. Tarbox, Corry A. Tarbox, Catherine M. Tarbox, and Philip J. Tarbox entered in the Superior Court (York County, *Fritzsche, J.*) on the Tarboxes' complaint seeking a declaratory judgment that they are the fee owners of a strip of property abut-

ting their lot. The Blaisdell heirs and HDV argue that the court improperly applied 33 M.R.S. § 469–A (2008) in finding in the Tarboxes' favor, and in determining the portion of the abutting strip of property to which the Tarboxes are entitled. We affirm in part and vacate in part.

## I. FACTS AND PROCEDURE

[¶ 2] The summary judgment record contains the following facts, which we review in the light most favorable to the Blaisdell heirs and HDV, as the nonmoving parties. *See Cookson v. Brewer Sch. Dep't*, 2009 ME 57, ¶ 11, 974 A.2d 276, 280.

[¶ 3] In a deed dated March 24, 1976, Carroll C. Blaisdell and Jean Y. Blaisdell transferred title to a parcel of property in York to Woodside Meadow, Inc. After obtaining subdivision approval, Woodside Meadow, Inc. began selling lots in the subdivision. The first parcel, located at 165 Woodside Meadow Road, was conveyed to Robert J. Tarbox and Corry A. Tarbox by warranty deed dated December 18, 1978.[1] The deed expressly referred to the Woodside Meadow Phase II Subdivision Plan, which was recorded in the York County Registry of Deeds.

[¶ 4] The Subdivision Plan describes the southerly boundary of the Tarboxes' property as running "by and along other land of Grantor." The Subdivision Plan also indicates a strip of property captioned "RESERVED FOR FUTURE R.O.W. [right of way]" that abuts one boundary of the Tarboxes' property. No street was ever constructed on that strip of property. The Subdivision Plan further depicts Woodside Road, which abuts every lot in the subdivision and which was dedicated to

and accepted by the Town of York as a public way.

[¶ 5] Carroll and Jean Blaisdell were Woodside Meadow, Inc.'s sole shareholders. After their respective deaths in 2001 and 2002, the corporation's assets were distributed to the Blaisdells' three adult children, Stephen W. Blaisdell, Susan M. Blaisdell, and Sarah Blaisdell. In 1977, Joyce E. Borkowski obtained the land abutting the southwestern boundary of the disputed strip from a third party. In 2005, the Blaisdell heirs purported to grant an easement across the strip to Borkowski, which she conveyed, along with her abutting property, to HDV Enterprises, LLC in 2007.

[¶ 6] On March 17, 2008, the Tarboxes filed a complaint in the Superior Court against the Blaisdell heirs and HDV seeking a declaratory judgment that the Tarboxes own that portion of the strip that abuts their lot. The Blaisdell heirs and HDV moved to dismiss the complaint pursuant to M.R. Civ. P. 12(b)(6). The Tarboxes moved for a summary judgment seeking a declaration that no genuine issue of material fact existed as to their fee ownership of the abutting portion of the strip pursuant to the original conveyance of property to them from the grantor/developer in 1978. HDV and the Blaisdell heirs opposed the Tarboxes' motion, and HDV filed its own motion for summary judgment.

[¶ 7] Following a hearing, the court denied HDV's and the Blaisdell heirs' motions to dismiss and denied HDV's motion for summary judgment. The court granted the Tarboxes' motion for summary judgment, and awarded the Tarboxes the entire irregularly-shaped portion of the strip that abuts their property as well as

---

1. By warranty deed dated June 22, 2004, Robert and Corry Tarbox conveyed the property to themselves along with Catherine and Philip Tarbox as joint tenants. All four of those individuals initiated this suit.

that portion that extends beyond the Tarboxes' property and abuts the cul-de-sac at the end of Woodside Meadow Road. The Blaisdell heirs and HDV appeal.

## II.  DISCUSSION

■ [¶ 8]  The Blaisdell heirs and HDV challenge the Superior Court's entry of a summary judgment in favor of the Tarboxes.  We review de novo the court's entry of a summary judgment by evaluating the facts and accompanying inferences in the light most favorable to the Blaisdell heirs and HDV, as the nonprevailing parties, to determine if the summary judgment record discloses any genuine issue of material fact for trial.  *See Cookson*, 2009 ME 57, ¶ 11, 974 A.2d at 280.

[¶ 9]  We begin our analysis with the language of 33 M.R.S. § 469–A, which sets forth the method of determining title to proposed, unaccepted ways existing before September 29, 1987.  Section 469–A provides, in pertinent part,

1.  **Reservation of title.**  Any conveyance made before the effective date of this section which conveyed land abutting upon a proposed, unaccepted way laid out on a subdivision plan recorded in the registry of deeds shall be deemed to have conveyed all of the grantor's interest in the portion of the way which abuts the land conveyed, unless the grantor expressly reserved his title to the way by a specific reference to this reservation in the conveyance of the land.

2.  **Intent to reserve.**  Any grantor who, before the effective date of this section, conveyed land abutting a proposed, unaccepted way laid out on a subdivision plan recorded in the registry of deeds with the intent to reserve title to the way, but who did not expressly reserve title to the way as required in subsection 1, or any person who claims

title to the way by, through or under the grantor, may preserve the grantor's claim by recording the notice set forth in subsection 3, in the registry of deeds where the pertinent subdivision plan is recorded, within 2 years after the effective date of this section.

33 M.R.S. § 469–A.  In short, section 469–A sets out the general rule that, for conveyances that occurred before September 29, 1987, a grantor who conveyed subdivision property to a grantee is deemed not to have retained any of that grantor's interest in any proposed unaccepted way, as is depicted in a recorded subdivision plan, that abuts the conveyed property.  33 M.R.S. § 469–A(*l*).  This general rule is subject to two exceptions:  (1) if the grantor expressly reserved title to the proposed unaccepted way in the conveyance to the grantee, or (2) if either the grantor or any person who claims title to the way by, through, or under the grantor recorded in the registry of deeds notice of his intent to reserve title to the proposed unaccepted way within two years after September 29, 1987.  If there was an express reservation or a properly recorded notice, the grantor is deemed to remain the owner of the proposed unaccepted way.  33 M.R.S. § 469–A(*l*), (2).

■ [¶ 10]  There is no dispute that neither the grantor, Woodside Meadow, Inc., nor any person who claims title to the way by, through, or under Woodside Meadow, Inc., recorded a notice of intent to reserve title to the strip of property at issue within two years after September 29, 1987, so the exception created by 33 M.R.S. § 469–A(2) does not apply.  The dispute is thus whether Woodside Meadow, Inc. expressly reserved title to the strip of property in the 1978 conveyance to the Tarboxes such that the Tarboxes are denied ownership of any portion of the

strip abutting their property pursuant to section 469–A(1).[2]

[¶ 11] The Tarboxes contend that the undisputed facts in the summary judgment record establish that the 1978 conveyance contained no such express reservation. The Blaisdell heirs and HDV disagree, and argue that the undisputed facts establish that the 1978 conveyance did contain an express reservation, or, if it did not, that there are disputed facts that preclude summary judgment. In particular, the Blaisdell heirs and HDV refer us to three portions of the 1978 conveyance as proof that a right to the strip was expressly reserved: (1) the description of the southern boundary of the Tarbox land as running "by and along other land of Grantor"; (2) the caption of the subject property as "RESERVED FOR FUTURE R.O.W."; and (3) the general notes accompanying the Subdivision Plan, to which the deed referred, stating, "right of way to Kittery Pasture & Booker Field reserved for James Blaisdell."[3]

[¶ 12] In construing the deed, we give the language "its ordinary meaning, and if there is no ambiguity the plain meaning controls." *River Dale Ass'n v. Bloss*, 2006 ME 86, ¶ 6, 901 A.2d 809, 811. Only when the language of the deed is ambiguous will we consider "extrinsic evidence . . . to ascertain the grantor's intent." *Id.*

[¶ 13] Examining the deed according to these principles of construction, we conclude that none of the three portions of the 1978 conveyance to which the Blaisdell heirs and HDV refer can reasonably be read to expressly reserve to Woodside

Meadow, Inc. an interest in the proposed unaccepted way otherwise deemed property of the Tarboxes by operation of section 469–A. To the extent the explicit language of the general notes accompanying the plan referenced a reservation of rights in the strip, it did so regarding a third party, not the grantor, and is therefore ineffective with regard to section 469–A. We therefore conclude that the Superior Court did not err in awarding the Tarboxes that portion of the subject property to which they are entitled pursuant to section 469–A.

[¶ 14] We next evaluate precisely that portion of the property to which the Tarboxes are entitled. The Superior Court awarded the Tarboxes the entire irregularly-shaped parcel of property abutting Lot 29 and extending beyond Lot 29 to abut the cul-de-sac at the end of Woodside Meadow Road. This determination of the property in which the Tarboxes have an interest was erroneous in two respects.

[¶ 15] First, section 469–A(1) plainly states that a grantee is entitled to "all of the grantor's interest in the portion of the way *which abuts the land conveyed.*" 33 M.R.S. § 469–A(1) (emphasis added). The property awarded to the Tarboxes by the court included a portion of the strip that does not abut any portion of Lot 29, specifically, the small irregularly-shaped section of property that extends beyond Lot 29 and abuts the Woodside Meadow Road cul-de-sac. The award of property to the Tarboxes must therefore be recalculated to include only that portion of the strip that actually abuts Lot 29.

---

2. Contrary to the Blaisdell heirs' and HDV's contention, the strip of property at issue in this matter is a proposed, unaccepted way within the meaning of 33 M.R.S. § 469–A (2008) because there is no dispute that it is a way laid out in a subdivision plan that has

been recorded in the registry of deeds. *See Fournier v. Elliott*, 2009 ME 25, ¶ 16, 966 A.2d 410, 414–15.

3. James Blaisdell is not one of the grantors.

[¶ 16] Second, although section 469–A(*l*) unambiguously divests the grantor of all of his property interest in the proposed unaccepted way, it does not set forth the geographic dimensions of the property to be awarded to abutting landowners like the Tarboxes. Rather, section 469–A(6) states the method of calculating what portion of the proposed unaccepted way the Tarboxes own in fee simple: "Any person owning land in this State abutting a proposed, unaccepted way or portion of a proposed, unaccepted way, whose predecessors in title had not reserved title in the way under subsection 1 or 2, is deemed to own to the center line of the way or portion of the way." 33 M.R.S. § 469–A(6). Thus, according to subsection (6), the Tarboxes, as landowners whose predecessor in title did not reserve title to the way according to either of the two exceptions in section 469–A(*l*) or (2), are deemed to own only to the center line of that portion of the proposed unaccepted way abutting their property. *See Lamson v. Cote,* 2001 ME 109, ¶ 16 n. 5, 775 A.2d 1134, 1138 (stating that "subsection 6 simply provides a guideline to determine the geographic extent of the title that vests pursuant to subsection 1 or 2"). We therefore remand the matter to the Superior Court for recalculation of the extent of the proposed unaccepted way the Tarboxes are deemed to own pursuant to section 469–A(6).

The entry is:

Judgment vacated and remanded to the Superior Court for recalculation of that portion of proposed, unaccepted way to which the Tarboxes are entitled pursuant to 33 M.R.S. § 469–A(1), (6) (2008). Judgment affirmed in all other respects.