STATE OF MAINE                                                      SUPERIOR COURT
                                                                        CIVIL ACTION
YORK, ss.                                                    DOCKET NO.  AP-11-017
                                                             PAF      _YOR- 9/27/201

ROBERT J. TARBOX, et al.,

                    Plaintiffs

v.                                          **ORDER**

THE INHABITANTS OF
TOWN OF YORK, et al.,

                    Defendants

The plaintiffs own real estate at 165 Woodside Meadow Road in York, Maine, which abuts a proposed unaccepted way depicted on a subdivision plan entitled "Woodside Meadow Phase Two, York, Maine" recorded at Plan Book 78, page 33.  The history of this dispute can be found at *Tarbox v. Blaisdell*, 2009 ME 123 and Mem. 10-123.

On January 7, 2011 the York Director of Public Works granted permits to defendant HDV Enterprises, LLC (HDV) to open a town highway (R.2) and to install a driveway (R.4) in York to access its land in Kittery.  The plaintiffs appealed these decisions to the York Board of Appeals, which denied the appeal in a decision dated April 13, 2011, (R.45-6).  A further appeal to the Superior Court followed, which has been briefed and argued.

The prior litigation and the record in this case indicate that there is a vigorous dispute as to the ownership of a miniscule but essential piece of land that is necessary for HDV to access its land.  The Board of Appeals determined that it "... cannot determine land ownership, or title to property" and that "The York DPW cannot determine land ownership, or title to property."  It also found that "HDV Enterprises

presented the Town with sufficient evidence of Legal Right, Title and Interest in the property in question to prima facie establish ownership." Lastly it noted, "Counsel for HDV Enterprises represented that no action would be taken on the permits without providing the appellant with notice adequate to seek ... Injunctive Relief." (R.45-6 and factual determinations 8-11).

The initial issue is whether the Board's decision to not decide title was correct such that a determination of title must be decided in a separate declaratory judgment action or quiet title action rather than in the context of an appeal pursuant to Rule 80B, M.R.Civ.P.

HDV is required to have standing in order to seek and obtain the road opening and driveway permits. "To have standing, that is, a sufficient personal stake in the outcome of a case, a party must have a 'right, title or interest' in the property he or she seeks to develop." *York v. Town of Ogunquit*, 2001 ME 53, ¶7.

I agree with HDV's arguments that it had standing to seek the permits as it had enough of a claim, however uncertain or disputed, to meet the requirements of "right, title or interest." Neither the Director of Public Works nor the Board of Appeals were required to determine whether HDV, the plaintiffs or another person or entity actually owned the remaining disputed areas. Neither should the Superior Court make that decision in the sole context of an appeal pursuant to Rule 80B.

After the Board made its decision the Legislature approved and the Governor signed L.D. 1473 entitled "An Act to Clarify Rights-of-way Laws." These amendments to 33 M.R.S.A. §469-A become effective this week and, if constitutional (see *Driscoll v. Mains*, 2005 ME 52) could well vest title in the plaintiffs and preclude HDV from building.

2

This decision is a narrow one. It does not determine who owns the small disputed area and does not ultimately determine whether the road opening and driveway permits can be utilized. This decision determines only that the Board properly performed the important, but narrow, task assigned to it.

The entry is:

Decision of the York Board of Appeals is affirmed.

Dated:      September 27, 2011

Paul A. Fritzsche
Justice, Superior Court

Plaintiffs' Attorney:
Sandra Guay, Esq.
Woodman Edmands Danylik & Austin
PO Box 468
Biddeford, ME 04005


Defendant, HDV Enterprises, LLC's Attorneys:
David A. Goldman, Esq.
Paul F. Driscoll, Esq.
Norman Hanson & Detroy
PO Box 4600
Portland, ME 04112-4600

Defendants, The inhabitants of the Town of York Attorneys:
Durward Parkinson, Esq.
Leah Rachin, Esq.
Bergen & Parkinson, LLC
62 Portland Road, Suite 25
Kennebunk, ME 04043