2012 ME 47

**J. Russell TARASON**

v.

**WESSON REALTY, LLC.**

Supreme Judicial Court of Maine.

Submitted on Briefs: Jan. 30, 2012.

Decided: March 29, 2012.

Andrew W. Sparks, Esq., Drummond & Drummond, LLP, Portland, for appellant J. Russell Tarason.

Thomas Danylik, Esq., Woodman Edmands Danylik Austin Smith & Jacques, P.A., Biddeford, for appellee Wesson Realty, LLC.

Panel: ALEXANDER, LEVY, SILVER, MEAD, GORMAN, and JABAR, JJ.

Majority: ALEXANDER, MEAD, GORMAN, and JABAR, JJ.

Dissenting: LEVY, and SILVER, JJ.

ALEXANDER, J.

[¶ 1] In this appeal, we consider whether the trial court erred in concluding that J. Russell Tarason does not hold an easement over a portion of real property owned by Wesson Realty, LLC, because the 1925 deed that created the easement conveyed only a life estate in a right-of-way that terminated upon the death of the original grantee.

[¶ 2] Tarason appeals from a judgment entered by the Superior Court (York County, *Fritzsche, J.*) in favor of Wesson Realty on Tarason's complaint seeking injunctive relief and a declaratory judgment declaring that Tarason holds an easement over a portion of Wesson Realty's property. Tarason argues on appeal that (1) contrary to the court's determination, section 772 of the Short Form Deeds Act, 33 M.R.S. §§ 761–775 (2011), applies under the facts of this case, and pursuant to that statute, the operative deed created an appurtenant easement that benefits Tarason's property, and (2) the court erred in construing the language of the operative deed as having created an easement in gross that conveyed a life interest only to the original grantee rather than an appurtenant easement that runs with the land. We affirm the trial court's judgment.

## I. CASE HISTORY

[¶ 3] J. Russell Tarason owns property in South Berwick, as described in a deed to him dated July 29, 1999. The property is currently used as a parking lot. The portion of Tarason's property at issue in this case is set back approximately forty feet from Scott's Court, a short street or alley running behind what are now commercial properties. The last paragraph of Tarason's deed states, "The above described premises are also conveyed together with a right of way from Scott's Court, so-called, to the above conveyed premises, as the way existed near the house on land formerly of Abbie Tyler."

[¶ 4] Historically, the property now owned by Tarason was conveyed in a deed dated June 18, 1925, by Emma Wentworth to Leon Benoit. The 1925 deed, the operative deed in this case, states that Wentworth did "give, grant, bargain, sell and convey unto the said Leon Benoit, his Heirs and Assigns forever, a certain lot or parcel of field land. . . ."

[¶ 5] After describing the property being conveyed to Benoit (and now owned in part by Tarason), the 1925 deed goes on to state, "Also granting and conveying to this Grantee a right of way from Scott's Court, so-called, to the above conveyed premises, as the way now exists near the house on land of Abbie Tyler."[1] The 1925 deed also contains a common habendum clause that states that the "same *with all the privileges and appurtenances thereof to the said* Leon Benoit, his *heirs and assigns, to their use and behoof forever*" (italicization reflects preprinted language in the 1925 deed).[2]

---

1. Emma Wentworth also owned the land over which the right-of-way was created. After Emma Wentworth conveyed the property to Leon Benoit in the 1925 deed, deeds in that chain of title purport to convey the claimed easement from Scott's Court. This is not evidence that the easement granted in the 1925 deed was, or was intended to be, appurtenant. Regardless of how property is described in a deed, one cannot convey more than he or she has. *Wells v. Powers*, 2005 ME 62, ¶¶ 4, 15, 873 A.2d 361.

2. A habendum clause, beginning with the words "to have and to hold," defines "the

[¶ 6] Wesson Realty owns property consisting of three parcels as described in its deed dated August 31, 2007. The "first parcel" was once the Abbie Tyler property, and the "second parcel" is a piece of land approximately twenty-four feet wide that abuts the northern boundary of the first parcel.[3] Tarason, who has alternative access to his property, asserts that he has the right to access his property from Scott's Court via a right-of-way across Wesson Realty's second parcel.[4] Finding his access across the alleged right of way blocked, Tarason filed a verified complaint for injunctive relief and a declaratory judgment in November 2008.

[¶ 7] The court held a one-day bench trial in November 2010, after which it entered judgment for Wesson Realty. The court found that the 1925 deed conveyed a fee interest in the property currently owned by Tarason because it contained language of inheritance (i.e., it conveyed the property to "Leon Benoit, his Heirs and Assigns forever"). The court concluded, however, that the right-of-way from Scott's Court created by the 1925 deed was an easement in gross that was personal to Leon Benoit and that did not pass through the chain of title to Tarason. The court concluded that the 1925 deed evidenced an intention to create an easement in gross because the words "heirs and assigns" appear with respect to the conveyance of the property before the language creating an

easement and appear in the habendum clause after the language creating an easement, but those words were omitted, in the court's view deliberately, from the language creating the easement itself.

[¶ 8] The court also concluded that section 772 of the Short Form Deeds Act, 33 M.R.S. §§ 761–775, does not apply because Wesson Realty already owned the disputed property in fee simple.

[¶ 9] Tarason filed a motion to alter or amend the judgment, which the court denied after a hearing. Tarason then brought this appeal.

## II. LEGAL ANALYSIS

 [¶ 10] We begin our analysis by determining whether section 772 of the Short Form Deeds Act applies in this case. Concluding that it does, we then apply the statute to the facts of this case to determine that the court correctly concluded that the operative 1925 deed created an easement in gross for the personal benefit of Leon Benoit rather than an easement appurtenant to the land now owned by Tarason.[5]

### A. Applicability of Section 772 of the Short Form Deeds Act

 [¶ 11] We review a court's interpretation and application of a statute de novo as a question of law. *Blue Yonder,*

---

extent of the interest being granted and any conditions affecting the grant." *Wentworth v. Sebra,* 2003 ME 97, ¶ 19 n. 9, 829 A.2d 520. The "premises" of a deed refers to everything that precedes the habendum. *Id.* ¶ 21 n. 10.

3. The third parcel described in the 2007 deed is not relevant to this litigation.

4. The deed to Wesson Realty conveyed the second parcel "subject to any outstanding right of way easement that may exist over said parcel."

5. An easement is "a right of use over the property of another." *Stickney v. City of Saco,* 2001 ME 69, ¶ 31, 770 A.2d 592. An easement appurtenant is created to benefit a dominant tenement, it runs with the land, and the easement must be attached or related to a dominant estate of the grantor. *Id.* In contrast, an easement in gross is a personal interest in or the right to use another's land. *Id.* ¶ 32. Generally, an easement in gross is a purely personal right that is not assignable, absent evidence of the parties' intent to the contrary, and it terminates upon the death of the person for whom it was created. *Id.*

*LLC v. State Tax Assessor*, 2011 ME 49, ¶ 7, 17 A.3d 667.

[¶ 12] Enacted in 1967, the Short Form Deeds Act abolished the common law requirement that technical terms of inheritance must be used in a deed to create an interest of perpetual duration.[6] 33 M.R.S.A. § 772 (Supp.1967 & 1999); *see Wentworth v. Sebra*, 2003 ME 97, ¶ 8 n. 4, 829 A.2d 520; *Stickney v. City of Saco*, 2001 ME 69, ¶ 34, 770 A.2d 592. Effective September 18, 1999, this provision was made retroactive to all conveyances and reservations of real estate. *See* P.L.1999, ch. 69, § 1 (effective Sept. 18, 1999) (codified at 33 M.R.S. § 772(1)). The stated purpose of the 1999 legislation is to "clarify[ ] title to land currently encumbered by ancient deeds that lacked technical words of inheritance or an habendum clause." 33 M.R.S. § 772(5).

■ [¶ 13] Section 772(1) thus provides, in relevant part, that a conveyance of real property, whether made before or after the September 18, 1999, effective date of the statute, must be construed as granting a property interest in fee simple, even if the conveyance fails to contain technical words of inheritance or an habendum clause, "unless a different intention clearly appears in the deed." 33 M.R.S. § 772(1).[7] We liberally construe section 772(1), as required by section 772(5), as applying to conveyances that create an easement. *See Stickney*, 2001 ME 69, ¶ 30

n. 11, 770 A.2d 592 (rejecting a party's argument that section 772(1) is inapplicable to the conveyance of easements).

■ [¶ 14] In accordance with its plain language, section 772(1) applies to the facts of this case, and thus, Wesson Realty cannot prevail based solely on the argument that, because the 1925 deed fails to contain technical words of inheritance in conveying the easement, it created only an easement in gross.

[¶ 15] Contrary to Wesson Realty's contention, section 772(2) does not alter this conclusion. Section 772(2) constitutes a "savings clause" that provides:

A person claiming an interest in real estate by reason of the omission of technical words of inheritance or the lack of an habendum clause in a deed that conveyed or reserved a property interest before October 7, 1967 may preserve that claim by commencing a civil action for the recovery of that property in the Superior Court or the District Court in the county or division in which the property is located on or before December 31, 2002.

*See Wentworth*, 2003 ME 97, ¶ 8 n. 5, 829 A.2d 520 (holding in a case nearly factually identical to the present case that section 772(1) did not apply because the defendant, owner of the servient estate, availed herself of the savings clause of 33 M.R.S. § 772(2) by filing a timely counterclaim

---

6. Title 33 M.R.S.A. § 772 (Supp.1967) provided:

In a conveyance or reservation of real estate the terms "heirs", "assigns", "forever" or other technical words of inheritance, or an habendum, shall not be necessary to convey or reserve an estate in fee. A deed or reservation of real estate shall be construed to convey or reserve an estate in fee simple, unless a different intention clearly appears in the deed.

7. Title 33 M.R.S. § 772(1) (2011) provides:

**Words of inheritance; habendum.** In a conveyance or reservation of real estate, the terms "heirs," "successors," "assigns," "forever" or other technical words of inheritance, or an habendum clause, are not necessary to convey or reserve an estate in fee. A conveyance or reservation of real estate, whether made before or after the effective date of this section, must be construed to convey or reserve an estate in fee simple, unless a different intention clearly appears in the deed.

arguing that the 1917 deed that originally created the right of way over her property did not contain technical words of inheritance); *see also* 33 M.R.S. § 772(3) (stating that a person may not commence a civil action for the recovery of property as described in § 772(2) after December 31, 2002).

[¶ 16] In short, subsections 772(2) and (3) describe the limited circumstances under which a party could have asserted and recovered a property interest on the grounds that a conveyance or reservation of real property failed to contain technical words of inheritance. Those subsections cannot be interpreted to invite Wesson Realty to raise and prevail on an argument based on a lack of technical words of inheritance in the 1925 deed because, prior to December 31, 2002, Wesson Realty did not "commence a civil action for the recovery of property" or "enter that property under a claim of right" pursuant to section 772(3).

B. Application of Section 772(1) and Construction of the 1925 Deed

 [¶ 17] Tarason argues that, had the court properly applied section 772(1), it could not have concluded that the 1925 deed granted only an easement in gross rather than an appurtenant easement based on a lack of the inclusion of technical words of inheritance. He contends that, when the 1925 deed granted the property (as opposed to the easement) to "Leon Benoit, his Heirs and Assigns forever," the deed effectively defined "Grantee" to mean Benoit as well as his heirs and assigns. Accordingly, Tarason argues that, when the deed subsequently conveys the ease-

ment to "this Grantee," it must be read to mean that the easement was granted to Benoit and his heirs and assigns, thereby implicitly containing words of inheritance that created an appurtenant easement. To support this point, Tarason asserts that the habendum clause in the 1925 deed may properly be interpreted to enlarge the estate to include heirs and assigns in the easement grant, creating an appurtenant easement that benefits Tarason.

 [¶ 18] Pursuant to 33 M.R.S. § 772(1), the grant of the easement in the 1925 deed must be construed as conveying an appurtenant easement, whether or not technical words of inheritance are included in the 1925 deed, "unless a different intention clearly appears in the deed." [8] The issue, then, is whether the 1925 deed demonstrates a clear intention to not convey an appurtenant easement. We review the construction of a deed de novo as a question of law. *Windham Land Trust v. Jeffords*, 2009 ME 29, ¶ 24, 967 A.2d 690.

[¶ 19] The 1925 deed states that it conveyed to "Leon Benoit, his Heirs and Assigns forever, a certain lot or parcel of field land . . . ." After describing the parcel conveyed, the deed then states, "Also granting and conveying to *this Grantee* a right of way from Scott's Court, so-called, to the above conveyed premises, as the way now exists near the house on land of Abbie Tyler." (Emphasis added). For two reasons, we conclude that this sentence demonstrates a clear intent to create an easement in gross, not an appurtenant easement.

---

8. The statute requires a deed to be construed as conveying an estate in fee simple unless "a different intention clearly appears *in the deed.*" 33 M.R.S. § 772(1) (emphasis added). Accordingly, if the language of the deed is deemed ambiguous, a court would not look to extrinsic sources to determine the intent of

the parties to the deed, as would apply when construing a deed in other contexts, *see, e.g., Laux v. Harrington*, 2012 ME 18, ¶¶ 11–14, 38 A.3d 318; *Tarbox v. Blaisdell*, 2009 ME 123, ¶ 12, 984 A.2d 1273, but would instead be required to construe the deed as creating a fee simple estate.

[¶ 20] First, the language that is contained in the easement clause affirmatively demonstrates the parties' intent to create an easement that is personal to *"this* Grantee," Leon Benoit, rather than an easement to Benoit and any and all future heirs and assignees. Given the presence of the word, "this," before "Grantee," we cannot construe "Grantee" in this context to mean Benoit and his heirs and assigns.

[¶ 21] Second, in contrast to the language that created the easement, the language in the 1925 deed that conveyed the parcel of land conveyed that parcel to "Leon Benoit, his Heirs and Assigns forever." That language demonstrates that the parties knew how to, and were likely to, include words of inheritance in order to convey a perpetual interest. *See Wentworth,* 2003 ME 97, ¶ 17, 829 A.2d 520 (observing that "[i]n this context, we cannot assume that the grantor intended to indefinitely burden his land and convey anything other than a life estate in the easement"). As the trial court also observed, the fact that similar language is not included in the conveyance of the easement is evidence that the parties intended not to create an easement of perpetual duration.

[¶ 22] The language of the habendum clause does not alter our conclusion. The habendum clause can enlarge an estate conveyed, but "only if it is not repugnant to the premises" of the deed. *Id.* ¶ 21. That is, when the premises contains no express limitation on the estate granted, the premises is considered merely descriptive, the premises and the habendum are not repugnant, and the habendum can enlarge the estate. *Id.* However, when the habendum and the premises in the deed conflict, the habendum cannot enlarge the estate. *Id.*

[¶ 23] The premises in the 1925 deed contains an express limitation on the estate granted—the easement was conveyed only to *"this* Grantee," Leon Benoit. Therefore, references to "Leon Benoit, his heirs and assigns" in the habendum conflict with the premises and cannot enlarge the easement to create an appurtenant easement.

[¶ 24] In sum, although the trial court erred in concluding that 33 M.R.S. § 772(1) does not apply to this case, we affirm the judgment because the trial court properly concluded that the language of the 1925 deed demonstrates a clear intention to create an easement in gross that terminated upon the death of the grantee, Leon Benoit, rather than to create an appurtenant easement.

The entry is:

Judgment affirmed.

LEVY, J., with whom SILVER, J., joins, dissenting.

[¶ 25] I agree with the majority opinion that section 772 of the Short Form Deeds Act, 33 M.R.S. §§ 761–775 (2011), applies in this case, but part company from the Court's ultimate conclusion that the habendum clause of the 1925 deed does not operate to create an easement appurtenant. I therefore respectfully dissent.

[¶ 26] The grant of the easement in the 1925 deed must be construed as conveying an appurtenant easement, whether or not technical words of inheritance are included in the deed, "unless a different intention clearly appears in the deed." *Id.* § 772(1). The majority opinion concludes that the deed's specific grant of the right-of-way to "this Grantee," as distinguished from the deed's more general conveyance of the parcel to "Leon Benoit, his Heirs and Assigns forever," establishes a different intention clearly appearing in the deed. This conclusion cannot be reconciled with (A) the language of the deed itself, (B)

settled precedent, and (C) the Short Form Deeds Act.

### A. Language of the Deed

[¶ 27] The 1925 deed's conveyance of the right-of-way to "this Grantee" does not plainly establish an express limitation of the estate it grants. The conveyance to "this Grantee" may be understood, as the majority concludes, as referring exclusively to Benoit, thus establishing an easement in gross. But it may also be understood as referring to the grantee as previously identified in the deed—"Leon Benoit, his Heirs and Assigns forever"-thus establishing an easement appurtenant. Both constructions are arguably reasonable. Accordingly, the deed's use of "this Grantee" does not demonstrate a clear intention to establish an easement in gross.

### B. Precedent

[¶ 28] Even before the adoption of the Short Form Deeds Act, our decisions established that a deed's conveyance of a right-of-way to a grantee, without words of inheritance, will nonetheless convey an easement appurtenant by operation of the deed's habendum clause. *Dana v. Smith,* 114 Me. 262, 264, 95 A. 1034 (1915); *Berry v. Billings,* 44 Me. 416, 423–24 (1857). In *Dana,* a warranty deed conveyed a parcel to the grantee and "his heirs and assigns," and included the language, "a right is also given [to Haney] to pass to the highway by the shore of the flowage such as will convene his purpose," without any words of inheritance as to the easement. *Dana,* 114 Me. at 263–64, 95 A. 1034. The Court found that the deed contained no "express limitation" of the easement, and that the habendum clause operated to make the easement appurtenant:

It is familiar law that the office of the habendum is to limit or declare and fix the nature and extent of the interest or title conveyed by the premises. It may define, enlarge or, in some cases, diminish the estate granted. Where, however, there is in the premises no express limitation of the estate granted, its office to enlarge is generally undoubted. The effect of the habendum in the case before us is to convert what the premises leave as a life estate into an estate in fee.

*Id.* at 264, 95 A. 1034.

[¶ 29] Here, similarly, without express limitation of the estate in the premises, the deed's habendum clause serves to convey an easement appurtenant.

### C. Short Form Deeds Act

[¶ 30] The Short Form Deeds Act supports the approach embraced in *Dana.* The very premise of the Short Form Deeds Act is that technical words of inheritance "are not necessary to convey or reserve an estate in fee." 33 M.R.S. § 772(1). Further, the Legislature expressly directed that section 772 "must be liberally construed to effect the legislative purpose of clarifying title to land currently encumbered by ancient deeds that lacked technical words of inheritance or an habendum clause." *Id.* § 772(5). As applied here, a liberal construction of section 772(1) is one that does not treat the omission of words of inheritance as establishing a clear intention to convey no more than an easement in gross.

[¶ 31] The 1925 deed contains both words of inheritance and an habendum clause, and the only uncertainty it presents is that there are no additional words of inheritance expressly associated with the conveyance of the right-of-way. But if section 772 means anything, it is that a deed that contains words of inheritance and an habendum clause but omits additional words of inheritance in describing the grant of an included right-of-way still conveys an estate in fee as to the right-of-

way, unless a different intention clearly appears in the deed.

[¶ 32] Because there is no clearly expressed limitation in the 1925 deed on the estate conveyed in connection with the right-of-way, the effect of the habendum clause, as in *Dana,* "is to convert what the premises leave as a life estate into an estate in fee." *Dana,* 114 Me. at 264, 95 A. 1034. For these reasons the judgment should be vacated.