MAINE SUPREME JUDICIAL COURT                    Reporter of Decisions
Decision:      2023 ME 20
Docket:        Fed-22-73
Submitted
  On Briefs:   September 21, 2022
Decided:       March 9, 2023

Panel:         STANFILL, C.J., and MEAD, JABAR, HORTON, CONNORS, and LAWRENCE, JJ.

STEVEN KNEIZYS

v.

FEDERAL DEPOSIT INSURANCE CORPORATION et al.

JABAR, J.

[¶1]  Pursuant to 4 M.R.S. § 57 (2022), the United States District Court for the Western District of Washington has certified to us the following question of state law:

> [W]hether, under Maine law, any warranty is implied by the use of the term "Warranty Deed" to describe an instrument which "grants . . . real property with the buildings and improvements thereon . . . being the same premises conveyed to GRANTOR" by prior deed . . . and, if so, which warranty or warranties are implied.

[¶2]  We answer the certified question as follows: "No warranty is implied by the use of the term 'Warranty Deed' to describe an instrument which 'grants . . . real property with the buildings and improvements thereon . . . being the same premises conveyed to GRANTOR' by prior deed."

## I. BACKGROUND

[¶3]  The facts and procedural history are undisputed.  The certified question arises from a property dispute between Steven Kneizys and the Federal Deposit Insurance Corporation as receiver for Washington Mutual Bank (collectively, FDIC).  The property dispute centers on four contiguous parcels of land in Baileyville, Maine.  Prior to 1997, Alfreda Morrison became the owner of these four contiguous parcels, identified for tax purposes as Parcels A, B, C, and D.  By operation of local ordinance, on October 1, 1997, the four parcels were merged into one.

[¶4]  In 2000, Alfreda Morrison borrowed money, securing the loan with a mortgage on the property.  The mortgage referred to the property as Lot 11, but described the parcel that had been identified for tax purposes as Parcel A.  When Washington Mutual foreclosed on the property in 2005, it transferred title to Lot 11 to itself.  Shortly thereafter, the bank purported to transfer to Joyce M. Earle (a/k/a Joyce M. Lizotte) "the same premises conveyed to [the bank]" through the 2000 mortgage deed, referring to the property as Parcels 1, 2, and 3, but describing the parcels that had been identified for tax purposes as Parcels A, C, and D.  Joyce Lizotte granted a mortgage on the property to the bank when she purchased the property from it, and the mortgage deed

identified Lot 11 as collateral. The property was then foreclosed on in 2014. Kneizys asserts that the foreclosure was only as to Lot 11 and that he purchased Lot 11 from the bank in June 2015, and subsequently obtained Joyce Lizotte's remaining property interests in Parcels A, B, C, and D.

[¶5] Approximately three years before Kneizys purchased the land, the heirs of Alfreda Morrison were notified that they had an interest in Parcels C and D, and they sold that interest to Alton G. Bohanon. Upon Alton Bohanon's death, the property went to his son, James Bohanon, who subsequently transferred Parcels C and D to James and Vicki McLaughlin. When Kneizys learned of this second chain of title he filed suit in Maine Superior Court seeking to quiet title to Parcels A, B, C, and D.

[¶6] In May 2017, the Superior Court (Washington County, *Stewart, J.*)[1] entered summary judgment against Kneizys, finding that Alfreda Morrison had mortgaged only Lot 11 (Parcel A) and that, regardless of the merger ordinance, it was "not compulsory that upon entering mortgage lending arrangements that all of the residential property owned by a borrower be conveyed."[2] Thus,

---

[1] We affirmed the judgment of the court in a memorandum of decision. *See Kneizys v. Bohanon*, Mem-18-4 (Jan. 18, 2018).

[2] The court noted that granting a mortgage on less than the entirety of a single tax parcel may constitute an unlawful subdivision and compromise the value of the property, but it does not affect the title analysis.

4

Kneizys had acquired title only to Parcel A out of Joyce Lizotte's foreclosure, and he acquired title to Parcel B through a separate conveyance from the heirs of Alfreda Morrison. The Superior Court found that the McLaughlins or their successors held title to Parcels C and D.

[¶7] In 2018, Kneizys filed a general unsecured claim against the assets of Washington Mutual Bank, which had been put into a receivership with the FDIC. The FDIC denied Kneizys's claim. Kneizys then filed suit in the United States District Court for the District of Nevada to challenge the FDIC's determination.[3] Kneizys argues that unmarketable property was conveyed to him in breach of various warranties, and he seeks to reform the original mortgage instrument and quiet title in favor of himself. Kneizys further argues that Washington Mutual Bank attempted to convey more property to Joyce Lizotte than it had foreclosed upon, and he seeks to hold the FDIC, as receiver for Washington Mutual Bank, liable for the losses arising from that error, claiming that Washington Mutual Bank breached express and implied covenants or warranties owed to Joyce Lizotte and her successors. Kneizys's claims for breach of warranty are based on the deed Washington Mutual Bank

---

[3] The case was later transferred to the United States District Court for the Western District of Washington.

provided to Joyce Lizotte in 2006 (WaMu-Earle Deed). The WaMu-Earle Deed is titled "Warranty Deed" and includes a description of the property, but it does not include warranty-covenant language. The United States District Court for the Western District of Washington (*Lasnik, J.*) certified to us the question of whether any warranty is implied by the use of the term "Warranty Deed" to describe a deed instrument. *See* M.R. App. P. 25(a). The answer to this question is essential in determining whether the WaMu-Earle Deed contained warranty covenants.[4]

## II. DISCUSSION

### A. Acceptance of the Certified Question of State Law

[¶8] As an initial matter, we must decide whether to accept and answer the certified question. *See* 4 M.R.S. § 57; Alexander, *Maine Appellate Practice* § 25.1 at 196 (6th ed. 2022) ("Reaching the merits is not automatic, Law Court consideration of certified questions of law is discretionary.").

> Wherever reasonably possible, the state court of last resort should be given opportunity to decide state law issues on which there are no state precedents which are controlling or clearly indicative of the developmental course of the state law because this approach (1) tends to avoid the uncertainty and inconsistency in the exposition of state law caused when federal courts render

---

[4] Prior to deciding this novel question of state law, we solicited input from interested persons and entities and members of the bar. We received one amicus brief from the Real Estate and Title Section of the Maine State Bar Association in response.

> decisions of state law which have an interim effectiveness until the issues are finally settled by the state court of last resort; and (2) minimizes the potential for state-federal tensions arising from actual, or fancied, federal court efforts to influence the development of state law.

*Scamman v. Shaw's Supermarkets, Inc.*, 2017 ME 41, ¶ 6, 157 A.3d 223 (alterations and quotation marks omitted).

[¶9]  "Title 4 M.R.S. § 57 authorizes, but does not require, us to consider a certified question of state law posed by a federal court in certain circumstances." *Id.* ¶ 7 (quotation marks omitted).  We may consider the merits of a certified question when three criteria are met: "(1) there is no dispute as to the material facts at issue; (2) there is no clear controlling precedent; and (3) our answer, in at least one alternative, would be determinative of the case." *Id.* (quotation marks omitted).

[¶10]  In this case, all three requirements are met.  First, the question presented is a purely legal one, and the United States District Court for the Western District of Washington, the court from which this certified question has been submitted, has issued an order granting, in part, FDIC's motion for summary judgment and presenting the facts upon which it reached its judgment; therefore, no dispute as to the material facts is at issue.  Second, there is no clear controlling precedent.  The district court noted that "[n]either party

provides, and the [c]ourt has not found, any case law or other Maine authority interpreting a deed such as this, where the document is entitled 'Warranty Deed' but contains neither an express warranty nor the short form 'warranty covenants' language." Our search for controlling precedent has similarly yielded no results. Finally, Kneizys's claim for breach of warranty relies on our answer to the certified question. If we find that no warranties are implied by the use of the term "Warranty Deed" then Kneizys's claim for breach of warranty necessarily fails. Therefore, in at least one alternative, our answer to the certified question would be determinative of the case. Because all three criteria are met, we will address the merits of the certified question.

## B. Standard of Review

[¶11] "We review questions of law, including those certified to us by the federal court, de novo." *Bankr. Est. of Everest v. Bank of Am., N.A.*, 2015 ME 19, ¶ 16, 111 A.3d 655. Statutory interpretation and deed construction are questions of law that we therefore review de novo. *Tarason v. Wesson Realty, LLC*, 2012 ME 47, ¶¶ 11, 18, 40 A.3d 1005.

## C. Analysis

[¶12] The certified question asks "whether, under Maine law, any warranty is implied by the use of the term 'Warranty Deed' to describe an

instrument which 'grants . . . real property with the building and improvements thereon . . . being the same premises conveyed to GRANTOR' . . . by prior deed."[5] Put more broadly, the question is whether the title "Warranty Deed" is sufficient by itself to convey real property with any warranty covenants when the body of the deed does not include any warranty-covenant language, either in full form or in abbreviated form as permitted by the Short Form Deeds Act, 33 M.R.S. §§ 761-775 (2022). In the present case, the deed in question, the WaMu-Earle Deed, is titled "Warranty Deed," but there is no warranty-covenant language anywhere in the instrument. Kneizys contends that, under the Short Form Deeds Act, a deed need not contain warranty-covenant language in the body of the instrument; rather, simply titling the instrument "Warranty Deed" is itself sufficient for the deed to include warranty covenants.

[¶13] We have said that "the cardinal rule of statutory interpretation is to give effect to the intention of the Legislature." *Cobb v. Bd. of Counseling Pros. Licensure*, 2006 ME 48, ¶ 11, 896 A.2d 271. Legislative intent is discerned "from the plain meaning of the statute and the context of the statutory scheme." *Id.* "All words in a statute are to be given meaning, and none are to be treated as

---

[5] The language quoted in the certified question is taken from the property description in the WaMu-Earle Deed. The property description of a deed must be completed by the contracting parties and is not part of the form language. *See* 33 M.R.S. § 775 (2022).

surplusage if they can be reasonably construed." *Id.* "If the statute's meaning is unambiguous, and not illogical or absurd, that meaning controls, and we do not look beyond its words." *Bank of Am., N.A. v. Cloutier*, 2013 ME 17, ¶ 12, 61 A.3d 1242.

[¶14] Moreover, "[s]tatutes in derogation of the common law are to be strictly construed, and the Legislature will not be presumed to intend any innovation upon the common law further than the necessity of the case requires." *Emery Waterhouse Co. v. Lea*, 467 A.2d 986, 996 (Me. 1983). "It is a well-settled rule in the construction of statutes that legislative enactments will be construed to alter the common law only to the extent that the Legislature has made that purpose clear." *Id.*

[¶15] According to the rules for the construction of statutes, "Abstracts of Titles, chapters and sections, and notes are not legal provisions." 1 M.R.S. § 71(10) (2022); *see also Grant v. Town of Belgrade*, 2019 ME 160, ¶ 19 n.3, 221 A.3d 112 ("[W]e endeavor not to rely on the titles of statutory enactments in plumbing their meaning at the expense of the text itself." (alteration and quotation marks omitted)).

[¶16] The Short Form Deeds Act, 33 M.R.S. §§ 761-775, was enacted "[f]or the purpose of avoiding the unnecessary use of words in deeds or other

instruments relating to real estate," 33 M.R.S. § 762. Notably, the Act provides statutory requirements for how a short-form warranty deed that does not contain full warranty-covenant language must be constructed. *Id.* §§ 763, 764, 775. Accordingly, in answering the certified question, we look to the Act to determine whether covenants are implied in the title "Warranty Deed," or whether express warranty-covenant language is required.

[¶17] Sections 763 through 774 provide rules and definitions that "apply to all [deeds or other] instruments executed or delivered on or after January 1, 1968." *Id.* § 762. Section 775 provides an appendix of "[s]tatutory short forms of instruments relating to real estate." *Id.* § 775. Although these forms "may be used and shall be sufficient for their respective purposes," they may also "be altered as circumstances require, and the authorization of such forms shall not prevent the use of other forms." *Id.* § 761. Of particular relevance in the present case are the definitions of the terms "warranty deed," *id.* § 763, and "warranty covenants," *id* § 764, and the specific language of the Warranty Deed form included in section 775. A "warranty deed" is defined under the Act as follows:

> A deed *in substance following the form entitled "Warranty Deed"* shall when duly executed have the force and effect of a deed in fee simple to the grantee, his heirs and assigns, his and their use and behoof forever, with covenants on the part of the grantor, for himself, with the grantee, his heirs and assigns, that, at the time of the delivery of such deed, he was lawfully seized in fee of the

premises, that they were free of all encumbrances, that he had good right to sell and convey the same to the grantee to hold as aforesaid, and that he and his heirs shall and will warrant and defend the same to the grantee, his heirs and assigns forever, against the lawful claims and demands of all persons.

*Id.* § 763 (emphasis added).

[¶18]  "Warranty covenants" are defined under the Act as follows:

In a conveyance of real estate the words "warranty covenants" shall have the full force, meaning and effect of the following words: "The grantor covenants with the said grantee, his heirs and assigns that he is lawfully seized in fee of the premises, that they are free of all encumbrances, that he had good right to sell and convey the same to the said grantee to hold as aforesaid, and that he and his heirs shall and will warrant and defend the same to the said grantee, his heirs and assigns forever, against the lawful claims and demands of all persons."

*Id.* § 764.

[¶19]  The Warranty Deed form incorporated in section 775 reads:

## 1  Warranty Deed

A.B. of . . . . . . . . . . . . , . . . . . . . . . . . County, . . . . . . . . . . . . . . . . . . . . . , (being unmarried), for consideration paid, grant to C.D. of . . . . . . . . . . . . , . . . . . . . . . . . . County, . . . . . . . . . . . . . . . . . . . . . , with Warranty Covenants, . . . . . . . . . . . . the land in . . . . . . . . . . . . , . . . . . . . . . . . County, Maine.

(description and encumbrances, if any)

E.F., spouse of the grantor, releases all rights in the premises being conveyed.

Witness . . . . . . . . . . . . . . . . . . . . hand and seal this . . . . . . . . . . . . day of . . . . . . . . . . . . (here add acknowledgment)

12

*Id.* § 775.

[¶20]  Reading sections 763 and 764 together with the Warranty Deed form, "[a] deed in substance following the form entitled 'Warranty Deed' when executed has the force and effect of a deed in fee simple to the grantee, *and with the inclusion of the words 'with warranty covenants' has the same effect as the long form warranty deed."*  Cowan & Scannell, *Maine Real Estate Law and Practice* § 1:4 at 6 (2d ed. 2007) (emphasis added); *see* 33 M.R.S. §§ 763, 764, 775.

[¶21]  Giving plain meaning to the words of the Short Form Deeds Act, when considered in the context of the whole statutory scheme, and giving meaning to all words, treating none as surplusage, it is clear that the intent of the Legislature in passing the Act was simply to make the process of drafting deeds easier and to make deeds more concise.  *See Cobb*, 2006 ME 48, ¶ 11, 896 A.2d 271; 33 M.R.S. § 762.  The Legislature established a process by which parties could include warranties in a deed without using the lengthy recitation of each warranty covenant.  *See* 33 M.R.S. § 764.  Comparing a long form warranty deed, *see* Cowan & Scannell, *Maine Real Estate Law and Practice* § 1:3 at 4-5 (2d ed. 2007), with the short form warranty deed provided in section 775, the Legislature kept the same deed structure but simplified the

language, condensing paragraphs of complicated language into short defined phrases, *see* 33 M.R.S. §§ 763, 764, 775.

[¶22] Although the Act states that the short form deeds "may be altered as circumstances require," *id.* § 761, it would be a leap to suggest that using only the title of one of the short form deeds would be sufficient to meet the statutory requirements. The statute requires deeds "in substance [to] follow[] the form," not just the title of the form. *See id.* § 763. As the statutory construction statute makes clear, "Abstracts of Titles [and] chapters and sections . . . are not legal provisions," and we will not rely on them for their meaning. 1 M.R.S. § 71(10); *see also Grant*, 2019 ME 160, ¶ 19 n.3, 221 A.3d 112.

[¶23] In sum, if the Legislature had intended that use of the title "Warranty Deed" alone would be sufficient to imply warranties, the definition of "warranty covenants" and the forms provided in section 775 would be surplusage. Our rules of statutory interpretation do not support this conclusion. Therefore, we answer the certified question in the negative: no warranty is implied by the use of the title "Warranty Deed."

The entry is:

> We answer the certified question as follows: "No warranty is implied by the use of the term 'Warranty Deed' to describe an instrument which 'grants . . . real property with the

> buildings and improvements thereon . . . being the same premises conveyed to GRANTOR' . . . by prior deed."

---

Steven Kneizys, appellant pro se

John G. Osborn, Assist. U.S. Atty., Portland, and John W. Guarisco, Esq., Federal Deposit Insurance Corp., Arlington, Virginia, for appellee Federal Deposit Insurance Corporation

Casey M. Olesen, Esq., Eaton Peabody, Bangor, for amicus curiae Real Estate & Title Section of the Maine State Bar Association

United States District Court for the Western District of Washington case number 2:20-cv-01402-RSL
FOR CLERK REFERENCE ONLY